## No. 2874.

### FORTUNE AVEGNO v. LAWRENCE HART.

When a driver attempts to pass another on a public road, he does so at his peril. At least, he must be responsible for all damages which he causes to the one whom he attempts to pass, and whose right to the proper use of the road is as great as his, unless the latter is guilty of such recklessness or even gross carelessness as would bring disaster upon himself.

APPEAL from the Seventh District Court, parish of Orleans. *Collens,* J. *Koontz & Elliott,* for plaintiff and appellee. *Hornor & Benedict,* for defendant and appellant.

Justices concurring: Ludeling, Taliaferro, Morgan, Howell.

MORGAN, J. The thoroughfares of the city of New Orleans were never intended for race courses.

The plaintiff, driving on Canal street, was run into by the defendant, who was racing with a competitor, and, with his companion, was thrown from his buggy, which was badly damaged, and he and his friend much disturbed thereby in mind and body.

He sued the defendant for $400 special damages, and for $500 damages to his feelings. The judge gave him a judgment for $350, and the defendant has appealed.

Avegno seems to have been about the middle of the street. Janny and Hart were racing behind him, and seem to have been close together, Janny somewhat ahead. Janny passed Avegno on the left; Hart attempted to pass him on the right. This was not Hart's proper place.

We understand the law of the road in this country to be that when a driver attempts to pass a vehicle which is going in the same direction with himself, he must go to the left; when they meet, each must go to the right. So well is this rule understood that horses, well trained, are governed by it without any guiding. It is established in

this case, that plaintiff's horse is in the habit of going to the right. And so it would appear that Avegno, when Janny passed him, pulled to the right. This was proper for him to do ; and it was most natural that he should, for he could well take it for granted that Janny's competitor, who was close behind him, would follow in Janny's track, and he was certainly justifiable in endeavoring to get as far out of the way of these reckless drivers as possible.

Besides, we take it that when a driver attempts to pass another on a public road, he does so at his peril : at least, that he must be responsible for all damages which he causes to the one whom he attempts to pass, and whose right to the proper use of the road is as great as his, unless the latter is guilty of such recklessness or even gross carelessness as would bring disaster upon himself. In this case, instead of being reckless or careless, the plaintiff did everything he could to protect himself from harm—and all without success. The defendant has no one to blame but himself, so much so that if the plaintiff had asked for it, we would have increased the damages. As it is, we can only affirm the judgment.

Judgment affirmed.