### No. 1866.
### Second Circuit Appeal.

---

## FRANK F. JETER v. CADDO TRANSFER & WAREHOUSE CO.

---

(October 17, 1924, Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest, Automobiles—Par. 4.**
In this case an automobile truck passed a mule team going in the same direction on a narrow bridge and came so close to the team that it struck and killed one of the mules. The driver of the truck was negligent and there was judgment for the plaintiff.

(Civil Code, Art. 2315. Editor's note.)

Appeal from the First District Court, Parish of Caddo, Hon. J. H. Stephens, Judge.

This is a damage suit for the value of a mule struck by a truck.

Judgment for plaintiff and defendant appealed.

Judgment affirmed.

Dickson & Denny, of Shreveport, attorneys for plaintiff and appellee.

J. S. Atkinson and Alex F. Smith, of Shreveport, attorneys for defendant and appellant.

PORTER, J. This is a suit in damages for the value of a mule belonging to plaintiff, which was struck by a truck belonging to the defendant company, and being driven at the time by one of its employees, and so badly injured that it had to be killed. From a judgment in favor of the plaintiff for $200.00, the defendant has appealed.

The accident happened on a bridge on the Shreveport-Mooringsport road. The plaintiff's employee was driving a two-mule wagon across the bridge, and defendant's employee driving a large truck, or furniture van, undertook to pass the mule team, when one of the wheels of the truck ran over the hind foot of the mule next to it, and crushed it off.

There are two versions of how the accident happened. Plaintiff's driver says that as the truck passed him, going at a pretty rapid clip, the front corner struck the mule on the shoulder and knocked him around so that his left hind foot came in contact with the hind wheel of the truck. The driver of the truck, on the other hand, after the front part of it passed the team, was not in a position to see how the accident occurred. He says, however, that after it happened, he went back, and the driver of the team told him that as the truck came opposite to the mules, the one nearest the rail of the bridge on the right hand side became frightened and shoved the injured animal towards the truck. Plaintiff's driver denies making any such statement, and, in addition to the unreasonableness of it (it is difficult to believe that a frightened mule would push its mate toward, instead of pulling away from, the object that

frightened it), the version of plaintiff's driver is corroborated by evidence which tends to show that the injured mule was bruised on the shoulder.

Moreover, if the trial judge, who did not hand down any written opinion, had held that, under the circumstances, which we will not take time to detail, it was negligence in the defendant's driver to attempt to pass the team on the bridge, we should not feel warranted in differing from him.

The question presented is at best one of fact, and we think the evidence supports the finding of the trial judge on all features of the case, and this applies to the value of the mule. The plaintiff testified that it was worth $250.00. There is some expert testimony that, on account of the age of the mule—it was ten years old—it was not worth more than $150.00. The judgment was for $200.00, and it is affirmed.