BOLIN, Judge.
The plaintiffs have appealed from an award for personal injuries and incidental medical expenses as a result of an automobile collision in which the wife was injured while riding in an automobile being operated by her husband. The defendants admitted liability in the lower court, which eliminates the necessity for any detailed discussion of the- facts surrounding the accident. By way of background, however, it may be stated that the Wyatt vehicle was stationary at an electric traffic signal, waiting for same to turn from red to green, when it was struck from the rear by a trolley owned by the defendant, Shreveport Transit Company, Inc., and being operated by the defendant, James E. Hufstetler. Mrs. Wyatt’s injuries were not considered serious at the time, and she was not hospitalized nor did she receive any other type of medical treatment at that time.
As a result of the accident, Mrs. Wyatt instituted a suit in the sum of $70,000 for injuries alleged to have been received by her, and her husband joined in such suit and made demands for the sum of $1,984.28 for certain medical and special damages in connection with his wife’s injuries. The lower court rendered judgment against the defendants in solido, and in favor of the wife for $1,500 and in favor of the husband for $313.50. Both plaintiffs have appealed, contending the awards were inadequate. The defendants have neither appealed nor answered the appeal, and the sole issue before us is whether either or both awards made by the lower court are inadequate.
During the trial, plaintiffs offered the medical testimony of Dr. Henry Gallagher and Dr. Ray E. King of Shreveport, Louisiana, while defendants relied on the evidence of Dr. James Eddy and Dr. Willis Taylor, also of Shreveport. It was conceded by all doctors that Mrs. Wyatt received what is commonly referred to as a “whiplash” type of injury as a result of the accident. As to her demands, the only question before the lower .court was the seriousness of such injuries. On this question, the medical and lay testimony contained the usual contradictions which ranged from practically no disability at all to a rather serious whiplash injury.
In making an award to Mrs. Wyatt, the trial judge had this to say in his written opinion:
“The evidence indicates that the injury to Mrs. Wyatt was not of a *527 serious and crippling nature. It would have been difficult to tell from her appearance in court that she suffered any disability. On entering the courtroom, it was noticed that Mrs. Wyatt turned her head to the left without any apparent difficulty, and on being seated in the witness box, turned her head to the right again and again without any apparent difficulty. Limitation of motion was her principal complaint.
“Damages for Mrs. Wyatt’s personal injuries will be fixed in the amount of $1500. * * *”
Counsel for appellants contends that such award is inadequate and cites the court to the following cases: Bartholomaus v. H. G. Hill Stores, La.App.Orl.1957, 97 So.2d 82; Watts v. Delta Fire and Casualty Co., La.App. 1 Cir., 1958, 106 So.2d 752; Rials v. Standard Accident Ins. Co., La.App. 2 Cir., 1959, 113 So.2d 325; Steadman v. American Fidelity & Casualty Co., La.App. 2 Cir., 1959, 113 So.2d 489.
An analysis of the awards made in the above cases will show the amounts allowed varied from a minimum of $3,600 to a maximum of $6,000. Using these cases as a basis, counsel for appellants argues that the injuries herein are similar to those in the cited cases and, therefore, the award is inadequate and should be increased.
Counsel for appellees, on the other hand, has countered this argument by citing the following cases: Degeyter v. Trahan, La.App. 1 Cir., 1959, 113 So.2d 808; Barr v. Royal Equipment Co., La.App.Orl.1959, 110 So.2d 131; Williamson v. Roberts, La.App. 2 Cir., 1958, 103 So.2d 499; Moses v. Southern Production Co., La.App. 1 Cir., 1958, 101 So.2d 485.
In the above cases, the awards ranged from $1,150 to $1,500. Using the same logic as plaintiffs, counsel for defendants contends the award below was very generous for the injuries in question.
Our courts have stated on numerous occasions, that in cases such as this there is no set formula or equation to use in establishing the proper award, but that to the contrary, each case must be decided on its own peculiar and particular facts. Our courts have also repeatedly affirmed the time-worn principle of law that judgments presenting purely questions of fact will not be reversed on appeal except where manifest error is found. With these two cardinal principles in our minds, we can see no good reason to disturb the findings of the trial judge in arriving at an award of $1,500 for the personal injuries involved herein.
In arriving at the proper amount to be allowed Mr. Wyatt, our esteemed brother below had this to say:
“The defendant admits that Mr. Wyatt is entitled to judgment in the sum of $278.50. He claims damages for future medical expenses and for transportation. The evidence as to the need of future medical attention for Mrs. Wyatt was not sufficient to support an award for damages. The only specific evidence concerning transportation costs was the testimony of the plaintiff that it was necessary for him to ride the trolley to work between the time of the accident in November .and the time at which the trolley company paid him for his automobile damages in January. The amount of trolley fare expended by Mr. Wyatt is ascertainable from his testimony. At the same time, however, he was without the normal transportation expense which accompanies travel by automobile.
“During the period of time before Mr. Wyatt was compensated for his automobile, it was also necessary for trips to be taken by public transportation to obtain medical attention for his wife. We think the record will support an award of $35 to Mr. Wyatt for *528 transportation expenses during this 2-month period.
“Consequently, there will be judgment in favor of Mrs. Wyatt and against the defendants, James E. Hufstetler and Shreveport Transit Company, Inc., in the amount of $1,500; and judgment in favor of Clinton O. Wyatt and against the defendants, in solido, in the amount of $313.50.” •
On appeal before us, Mr. Wyatt contends the award in his favor should be increased so as to include various items such as possible future medical expenses, etc. Our review of this record convinces us the items which were not allowed by the lower court were not substantiated by the evidence. We, therefore, find no manifest error in this portion of the judgment below.
For the reasons stated herein, the judgment of the lower court is affirmed at appellants’ cost.
Affirmed.