BOLIN, Judge.
While driving his pickup truck plaintiff was involved in a collision with a tractor and trailer driven by Alton Cornett, owned by John H. Thompson, Jr., and insured by Houston Fire and Casualty Insurance Company. Alleging serious injuries resulted from the accident, plaintiff instituted suit against all parties for personal injuries and related special damages and requested trial by jury. From a jury verdict rejecting his demands plaintiff appeals.
The accident occurred September 6, 1962, about three-thirty o’clock in the morning on a state highway in DeSoto Parish. It was still dark and the weather was cloudy. Plaintiff was proceeding in a westerly direction and Cornett was driving the tractor and trailer in an easterly direction. The highway is a concrete-surfaced road, twenty feet wide, with a marked center line. At the point of impact the highway is straight and level, but approximately 500 feet to the west thereof the road curves slightly to the south. Some distance to the east the highway inclines toward the crest of a low hill.
It had rained the previous day causing the shoulders of the road to be wet. As the two vehicles were in the process of meeting and passing each other the left front of the Lawson pickup collided with the left wheels and rear undercarriage of the van-type trailer. The collision occurred shortly after Lawson had started down the incline from the crest of the hill and Cornett had come out of the short curve.
Appellant alleged the accident happened in his traffic lane and charged appellees’ driver with negligence in operating his vehicle in the wrong lane, failing to keep a proper lookout and to be attentive to his driving, and failing to keep his vehicle under proper control. Appellees, denying any negligence on the part of Cornett, alleged the collision occurred on the appellees’ side of the highway and was caused solely by the negligence of Lawson in failing to maintain a proper lookout, failing to have the pickup truck under proper control, driving into the wrong side of the highway, and operating the pickup truck while under the influence of intoxicating beverages.
The trial lasted almost a week and the record consists of three bound volumes. However, it is agreed the issues presented in the trial court and on this appeal are purely factual in nature. Therefore, under well-established law the only question presented on appeal is whether there is manifest error in the proceedings appealed from.
While we do not intend to minimize the importance of this case, we see no useful purpose in outlining or commenting in detail on the evidence adduced by the testimony of the witnesses.
The two drivers, being alone in their vehicles, were the only certain eyewitnesses to the accident, although plaintiff contends a disinterested third party, who was follow *853 ing plaintiff’s truck, was an eyewitness. Defendants say this latter individual did not actually see the accident.
The testimony of the two drivers is in direct conflict. Plaintiff’s version was supported to some extent by the witness who was following him and alleged he observed the accident. Cornett’s version, on the other hand, is corroborated by the testimony of the State Trooper who appeared on the scene approximately forty-five minutes after the collision.
It is not our responsibility to determine the manner in which this accident happened, even though in many cases appellate courts are able to state definitely how a collision occurs. In the instant case our duty is to examine carefully all the evidence presented to the jury and determine whether or not it committed manifest error in returning a verdict for the defendant. From an examination of the record no such error is manifest.
The testimony reflects that Lawson had left his home in Joaquin, Texas about two-thirty o’clock in the afternoon and had stopped in Logansport where he was joined by two male companions. The three men then proceeded in the direction of Shreveport. From the time they left Logansport until they arrived in Shreveport the trio visited several bars along the road and ultimately found themselves in the company of two barmaids in Shreveport. This drinking escapade took them all the way to Bossier City, but it was while Lawson was returning home alone that the unfortunate accident occurred. It is admitted he drank at least five cans of beer between the time he left home and the time of the accident. Defendants contend plaintiff drank much more.
Counsel for plaintiff strenuously contends, in his brief before this court, that the jury’s verdict was influenced largely by the fact that plaintiff, a married man, had been indiscreet on the night in question. We do not know whether this influenced the jury or not. To say what entered their minds would be mere speculation.
After examining all the evidence w.e are satisfied the plaintiff failed to make out his case by a preponderance of the evidence; that the verdict of the jury is supported by sufficient legal evidence; that for these reasons it is the duty of this court to affirm the judgment.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.
Affirmed.