TATE, Judge.
Vehicles driven by the plaintiff Senegal and the defendant Granger collided one evening. Granger appeals from adverse judgment awarding the plaintiff $800 damages. He contends solely that the trial court erred in believing Senegal instead of Granger, the two drivers being the only witnesses who testified to the accident.
Senegal testified that Granger lost control of his vehicle while passing Senegal’s forward vehicle, causing Granger to go into the ditch. Granger testified that he was driving the forward vehicle and that Senegal struck his automobile from the rear.
The trial court accepted the plaintiff Senegal’s version of the accident and awarded Senegal judgment on the basis that Granger’s negligence in passing was the sole cause of the accident.
Both the parties concede the usual application of the rule that the trial court’s factual findings should not be reversed on appellate review. This is especially so. when (as here) by its evaluation of credibility the trial court accepts the version of one witness over the opposing version of another.
The defendant contends that the usual rule should not apply, however, because allegedly the physical damage to the vehicles resulting from the impact shows the plaintiff’s version to be a physical impossibility. We do not think so. The damage to the right rear side of the defendant’s vehicle when it struck the left front door of the plaintiff’s truck could easily have been produced by a slight veering oi the rear of Granger’s car while passing too close to Senegal’s. .
*916 We affirm the judgment of the trial court granting plaintiff judgment on the basis of the plaintiff’s version of the accident. The costs of this appeal are to be paid by the defendant-appellant.
Affirmed.