REID, Judge.
Plaintiff, Samuel W. Stevens and his insurer Great American Insurance Company have brought this suit against William N. Lee for property damages and personal injuries as a result of an accident which occurred on May 22, 1965 at approximately 4:14 o’clock P.M. on U.S. Highway 190, between Goodbee and Hammond, Louisiana, in the Parish of Tangipahoa. Plaintiff, Samuel W. Stevens was driving a 1964 Chevrolet Sedan with whom were two guests passengers, namely Joe L. Wrought and Melvin Porche.
Plaintiff was driving his own car, a 1964 Chevrolet Sedan, and became involved in an accident with an interstate tractor trailer, a 1963 White Freight Liner Cab and a 1963-forty foot Trailmobile Refrigerator Trailer, owned and operated by William N. Lee-Both vehicles were proceeding west on U.S. Highway 190, and the accident happened about 2.6 miles west of Goodbee.
Defendant answered the suit denying,, for lack of information, that the accident had occurred. Then he denied that he was guilty of any negligence and that the accident was caused by the negligence of plaintiff’s vehicle. In the alternative he plead that the plaintiff was guilty of contributory negligence.
The case was duly tried and "the Trial' Judge, without assigning written reasons, renedered judgment in favor of the defendant, rejecting plaintiffs’ demand and dismissing this suit' at their costs.
From this judgment plaintiffs have brought this appeal.
The issues in this case, like in most automobile accident suits, is essentially one of’ facts.
Plaintiff, Samuel W. Stevens testified that he was proceeding west on U.S. Highway 190 and right ahead of him was the defendant truck trailer. He said that he blew his horn and attempted to pass but as he was in the process of passing the defend *904 ant truck came over a little bit across the white line and struck plaintiff’s car in the front causing it to swerve to its left and the back end of the trailer came in contact with the back end of plaintiff’s car. Plaintiff lost control of the car, ran off the highway, hit a culvert and the car was a complete wreck, and he received some personal injuries. Joe Wrought doesn’t seem to have been injured to any extent, but the other passenger, Melvin Porche was injured and filed a separate suit in New Orleans against both plaintiff Stevens and defendant claiming that the accident was caused by the joint negligence of both.
There is no question but what it had been raining and the blacktop highway was slick, ■although plaintiff testified that it was not raining at the particular time that the accident occurred. The highway was narrow, either eighteen or twenty feet wide and plaintiff claims that he thought that the defendant approaching the highway near the culvert under it swerved slightly to his left because it was a little narrow and that caused the accident. Neither vehicle was exceeding the speed limit. Defendant testified that his truck trailer was going 30 or 35 miles an hour, and plaintiff testified that he was going 40 to 50 miles an hour in an attempt to pass the truck trailer.
Joe Wrought, one of the passengers in plaintiff’s car testified that they were going to Hammond to visit a cousin of the plaintiff who was having a going-away dinner before he left for Alaska for service in the Armed Forces. He testified that he was sitting in the middle, Porche on the right, and of course Stevens was driving the car. He testified that Stevens was driving about 45 miles an hour just prior to the accident, and that when Stevens went to pass the truck trailer he was going about 50 or 55 miles an hour. He further testified that he was looking straight ahead on the highway and that he saw the trailer come over into plaintiff’s lane and hit plaintiff’s car after which Stevens lost control. He and Porche fell out when the plaintiff’s car finally stopped. He thumbed a ride to Hammond and asked Stevens’ relatives to come out and pick them up.
Melvin Porche was the second guest passenger in the car and testified that he was riding on the right side of the front seat with Wrought in the middle and with Stevens driving. He first testified that he saw the truck trailer cross the line and strike plaintiff’s car. However, on cross examination he admitted he could not see the white line to his right because it would be so close to the side of the car that it would be impossible to see it, but that he felt the blow and of course the accident happened and he was injured. He further testified under cross examination, and also under interrogation by the Trial Judge, that he could not say whether the truck trailer was over the line, or the plaintiff’s car was over the line but that an accident had happened.
He further testified that they had been driving behind this trailer for about twenty minutes, or for at least two or three miles and the rain and dirt from the highway was smeared on the windshield, messing up the windshield pretty badly, so he imagined that Stevens decided to pass the truck and he blew his horn.
It was brought out that Porche had given a deposition for his suit in New Orleans and in this suit he claimed that the accident happened as a result of the joint negligence of both. We feel that his testimony at best was an attempt to help the plaintiff but at the same time not to affect his suit in New Orleans. The Trial Judge evidently became suspicious because he cross examined Porche closely with the idea of getting at the truth, and he advised him that all he wanted to know was what had actually happened and what he saw. Porche testified that he was not upset or frightened in any way by testifying, and the sum and substance of his testimony was that he did not know which vehicle was across the line when the accident happened.
*905 Plaintiff further testified that the defendant was not driving his truck trailer in a reckless manner, was not speeding and in fact stated that you can’t drive those big trucks in a reckless manner. He was staying in his proper lane of traffic according to his version up until the accident actually happened.
Stevens further testified that the road was wet and that it was drizzling. He stated that the rear wheels of the truck trailer had been throwing muddy water on his car but that as he came closer he started pulling over and at that time defendant’s truck was not throwing any muddy water on his windshield. Plaintiff Stevens also testified that he didn’t see any marks on the truck but that he did not get close enough to really see. He was of the opinion that the part of the truck trailer that struck his car was a tire or luggage rack.
The plaintiff put on no other witnesses concerning the accident, but did by agreement offer a written statement by Dr. Melvin Kossover, who was his attending physician and treated him as a result of this accident.
Defendant’s first witness was Sergeant Donald A. Blount, Jr., a State Trooper, attached to Troop L of Covington. He investigated the accident and testified that the road was blacktopped, wet and it had been raining for quite some time. There was no physical marks at the scene because of the wet highway. There were no marks to indicate where the point of impact could have been, and there were no skid marks on the highway. He stated that the defendant told him that he did not know there had been an accident. He saw the car about to pass him and when it did not pass him he stopped his truck to see what had happened. He examined the truck and found no marks on it other than a scuff mark on a rear tire that could have been caused by the accident. He further testified that a large truck on a highway in a rain would throw quite a spray of water from the tires, and that it could obstruct the vision of someone passing more than if there had not been any water on the highway and it had not been raining. He made no charges against anyone relative to the accident. He did not seem to be able to determine who, if anyone, was at fault. He testified that there was considerable damage done to plaintiff’s car.
The testimony of William N. Lee was taken by deposition and offered in evidence as he did not testify on the trial of the case. He testified that his truck was owned by him, that he had been driving up to twenty-five years and the tractor with a cab over was a dual wheel front unit, sometimes called a full screw and sometimes called a twin screw motor. The length of the trailer was forty feet and the width seven feet, eleven inches. This was the widest unit, or as wide, as any manufacturers could build, and that it met all the standards of the states through which he traveled. He was traveling from Florida to California and that he drove ten hours then took eight hours off, although some times he drove five hours and took off four hours. No one else was in the truck trailer with him. He spent the night at Mobile, Alabama previous to the day of the accident. He testified that the highway was narrow and he thought it was an 18 foot highway although it could possibly have been a 20 foot highway, and the shoulders of the highway were also narrow, and he couldn’t have parked his truck on the shoulder. He further testified that the highway was running east and west and the road leaned approximately two inches to the left and two inches to the right. That any vehicle traveling this highway would have a tendency to pull toward the outside edge of each side, because of this slope. He testified he was in his lane of traffic and stayed in his lane of traffic the entire time of the accident. At the time of the accident the gross tonnage of his truck with his cargo was 73,000 pounds. This was under the weight limit of Louisiana. He was not conscious of any contact with any car and he felt no blow whatever. After the accident the State Trooper examined his truck trailer *906 and could not find any evidence of any contact with plaintiff’s car except a slight scuff mark on one tire. He stated that you could take your fingers on a dry tire and make the same impression, just leaving a black mark on it. 'He stated that if someone had hit him he would have detected it or felt some blow. He did not talk to plaintiff Stevens but the driver did holler out that no one was injured and he heard Stevens inform the Trooper that all he knew was that he started around the truck and in the midst of the rain and the next thing he knew he was in the ditch. He stated that he had driven over two and a half million miles and had had no accident.
Lee was a man of fifty-three years of age, married and had a family. He stated that he had not had anything to drink and pláin-tiff and his witnesses testified that they had had nothing to drink although they admitted that there was a case or two of beer and some sandwiches in the trunk of plaintiff’s car which was being brought for the party that was to take place that night in Hammond.
The Trial Judge assigned no written reasons for his decision but in the body of the judgment found for the defendant for the reason plaintiff failed to sustain the burden of proof.
The provision of our Highway Regulatory Act governing passing a vehicle on the left is embodied in LSA-R.S. 32:73:
“73. Passing a vehicle on the left
The following rules shall govern the overtaking and passing of vehicles proceeding in the same direction, subject to those limitations, exceptions, and special rules hereinafter stated:
(1)Except when overtaking and passing on the right is permitted, the driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance, and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle.
(2)Except when overtaking and passing on the right is permitted, the driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle on audible signal, and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle. Acts 1962, No. 310, § 1”
Our Courts have held even in horse and buggy days that when a driver attempts to pass another on a public road he does so at his own peril. See Avegno v. Hart, 25 La.Ann. 235, 13 Am.Rep. 133.
The case of Ravare v. McCormick & Co., La.App., 166 So. 183 holds as follows:
“The court finds the ‘Law of the Road’ to be that one who attempts to pass a vehicle on the road is called upon to exercise an extraordinary degree of care, and does the passing at his risk. Louisiana Highway Regulatory Act No. 21 of 1932 § 3, rule 7; Stevens v. Dean, 6 La.App. 537; Uzzo v. Torres, 3 La.App. 292; Jeter v. Caddo Transfer & Warehouse Co., 1 La.App. 35.”
See also Evans v. Thorpe, La.App., 175 So.2d 418.
We feel that plaintiff Stevens did not use the degree of care required of the driver of an overtaking automobile under the circumstances and conditions of the highway at the time of the accident. The highway was wet, slippery and narrow, and the vehicle the plaintiff was attempting to pass was a large, heavily loaded, van truck. While he attempts to say the driver of the truck trailer swerved slightly to the left on account of a culvert he shoitld have seen this culvert and delayed his passing maneuver until after he had passed the culvert.
The Trial Judge was evidently impressed by the testimony of the defendant. At any rate our Courts have repeatedly held on questions of fact that a Trial Courts factual findings should not be reversed on an appellate review especially so when by its evaluation of credibility the Trial Court *907 accepts the version of one witness over opposing version of another. The exception to this rule would be where the physical evidence of an accident was at variance with the testimony of the witnesses. See Senegal v. Granger, La.App., 193 So.2d 915; Bindewald v. Gurtler, Hebert & Co,, La.App., 112 So.2d 746; Wyatt v. Shrevevort Transit Co., La.App., 131 So.2d 525; Scott v. Lumbermens Mutual Cas. Co., La.App., 134 So.2d 553; Norman v. City of Shreveport, La.App., 141 So.2d 903; United Public Insurance Co. v. Levy, La.App., 154 So.2d 80; Lawson v. Houston Fire & Casualty Co., La.App., 163 So.2d 851; Harness v. Toye Brothers Yellow Cab Co., La.App., 170 So.2d 737.
We, therefore, feel that there is no abuse of discretion and no manifest error on the part of the Trial Judge in the decision herein and for the reasons hereinabove expressed judgment of the Lower Court is hereby affirmed.
Affirmed.