REID, Judge.
This is a suit for damages arising out of accident involving an automobile owned and operated by plaintiff Charles Ray Powell accompanied by his brother, Alton F. Powell, another plaintiff. The accident happened at about 4:50 P.M. on September 17, 1966 about one-half mile south of Bay-wood, Louisiana on Louisiana Highway No. 37.
Suit was originally filed by Charles Ray Powell who sought judgment in the amount of $52,250.00 with interest and costs.
By supplemental and amended petition Charles Ray Powell and Alton - F. Powell amended the original petition by alleging that Alton F. Powell was a guest passenger in the automobile being driven by *740 Charles Ray Powell and he sought damages in the amount of $21,100.00 and the original plaintiff still sought $52,250.00. Made defendants in this suit were Allen Hasty, driver of the gravel truck involved in the accident, Continental Insurance Company, and Hartford Accident and Indemnity Company, alleged insurers of the gravel truck.
Hartford Accident and Indemnity Company filed an answer denying all the allegations of plaintiffs’ petition. The other defendants, Continental Insurance Company and Allen Hasty filed an answer admitting the accident and further admitting that on the date of the alleged accident Continental Insurance Company had issued a policy of liability insurance to Delta Rentals, Incorporated, insuring among other things the drivers of the trucks owned by Delta Rentals, Incorporated. They denied any liability, and in the alternative plead contributory negligence on the part of the plaintiffs in failing to keep a proper lookout, not having his automobile under proper control and in driving at an excessive rate of speed under the conditions of the time of the accident, in failing to give adequate signal of his intention to pass the truck, and in operating his automobile in a reckless and careless manner without due regard for the conditions existing on the highway at the time of the accident. They further answered to the amended and supplemental petition reiterating the allegations made in their original answer and further answered alleging the contributory negligence on the part of Charles Ray Powell and that the same was imputable and imputed to the plaintiff Alton F. Powell.
The matter was tried and submitted on the issue of liability only and the Lower Court rendered judgment in favor of the defendants, Continental Insurance Company and Allen Hasty and against Charles Ray Powell and Alton F. Powell rejecting both plaintiffs’ demands and dismissing this suit at their costs. From this judgment the plaintiffs have appealed to this Court.
The facts show that plaintiff Charles Ray Powell accompanied by his brother, Alton F. Powell, were driving north on the Greenwell Springs Road going home from the trip to Baton Rouge. They had been following a large gravel truck driven by defendant Allen Hasty for some seven or eight miles and finally came to a stretch of road which could be seen for about a quarter of a mile and they thought they had a chance to pass the gravel truck. As they got almost up to the gravel truck the Pow-ells lost control of the car and it swerved to the left striking the railing of a bridge resulting in the injuries complained of by the two plaintiffs.
There is a conflict in the testimony as to whether the gravel truck struck the Powell car or not. Charles Ray Powell testified that he did not know whether the truck struck him or not. Alton F. Powell, however, testified that the gravel truck did strike the Powell car and that it came across the white line in the middle of the highway.
Defendant Allen Hasty said that he did not get across the white line in the middle of the highway and that after the accident he went on to a filling station and called and notified the police and called for an ambulance. He then returned to the scene of the accident. He testified that there were no marks or any sign of any contact between his truck and the car. In addition State Trooper Joseph Salard testified that he investigated the accident and could find no physical evidence indicating the occurrence of any impact or collision between the truck and the automobile. He further testified that there was extensive damage to the Powell vehicle but no foreign paint from another vehicle on the car itself. Trooper Salard also testified that he interviewed the driver, Charles Ray Powell, at the Baton Rouge General Hospital, and Powell told him that he attempted to pass the gravel truck and had an accident. He did not say anything whatsoever about the gravel truck having crossed the center line of the highway and said nothing to the *741 Trooper to the effect that the truck caused or contributed to the accident.
In addition Mr. Peebles Grisson, owner or co-owner of the truck being driven by Allen Hasty and involved in the accident testified that he saw the truck Monday morning after the accident happened on a Saturday afternoon and he could find no damage or even a scratch on the truck at that time and further that the truck was equipped with mud guards. He further testified that the truck was a 60,000 pounds or a 30 ton truck and that it had 16 wheels rolling.
Mr. Gorman Steele Pounders, a witness testifying on behalf of the defendant stated that he was assistant district engineer in the 61st District of the Louisiana Department of Highways and had been so employed for fourteen and a half years. He stated that he was familiar with the location of the highway and the bridge where the accident happened, and that the width of the highway was right close to 20 feet. The width of the clear roadway at the bridge at the time of the accident was 23 feet on the gravel surface.
There is no question but what the highway was wet and murky and the truck was flinging up considerable murk and slush which had an effect on the vision of Charles Ray Powell to see and ascertain any hazards ahead. Powell admitted that he had been getting aggravated because he had been following the truck for some time but owing to the curves in the road and the condition of the weather and the murk and slush he was unable to pass. After he passed the curves and he could see for a quarter of a mile ahead he decided to pass the truck, and he did not see the bridge ahead which was what his car collided with.
We believe that this case comes squarely under the provisions of the case of Stevens v. Lee, La.App., 207 So.2d 902 recently decided by this Court. In the Stevens case, supra, plaintiffs attempted to pass a big clay truck and had been following it for a mile or more. The weather was wet and the highway was wet, slippery and narrow. The plaintiff claimed that he blew his horn and attempted to pass the truck but the truck swerved over a little bit and caused the plaintiff to swerve to his left and lose control of the car, going off the highway and hitting a culvert. In the Stevens case, supra, the plaintiff also claimed that the truck came over the white line and struck his car but there was no evidence of any damage to his truck and the Trial Court rendered judgment in favor of the defendant which we affirmed on appeal.
Quoting from Stevens v. Lee, supra, we held as follows:
“The provision of our Highway Regulatory Act governing passing a vehicle on the left is embodied in LSA-R.S. 32:73:
“ ‘73. Passing a vehicle on the left.
The following rules shall govern the overtaking and passing of vehicles proceeding in the same direction, subject to those limitations, exceptions and special rules hereinafter stated:
(1) Except when overtaking and passing on the right is permitted, the driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance, and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle.
(2) Except when overtaking and passing on the right is permitted, the driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle on audible signal, and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle. Acts 1962, No. 310 § 1’”
“(1) Our Courts have held even in horse and buggy days that when a driver attempts to pass another on a *742 public road he does so at his own peril. See Avegno v. Hart, 25 La.Ann. 235, 13 Am.Rep. 133.
The case of Ravare v. McCormick & Co., La.App., 166 So. 183 holds as follows:
“ ‘The court finds the “Law of the Road” to be that one who attempts to pass a vehicle on the road is called upon to exercise an extraordinary degree of care, and does the passing at his risk. Louisiana Highway Regulatory Act No. 21 of 1932 § 3, rule 7; Stevens v. Dean, 6 La.App. 537; Uzzo v. Torres, 3 La.App. 292; Jeter v. Caddo Transfer & Warehouse Co., 1 La.App. 35.’ ”
See also Evans v. Thorpe, La.App., 175 So.2d 418.”
We, therefore, find that the Trial Court was not manifestly erroneous and did not abuse his discretion in rejecting the demands of the plaintiff-appellants.
We have considered this appeal even though the case was not tried below in its entirety but on the question of liability only. We did so notwithstanding our remarks in Danos v. The Central National Insurance Company, Omaha, 211 So.2d 106, on the docket of this Court to the effect that cases should not be tried piecemeal. In Bettencourtt v. Boyd, La.App., 209 So. 2d 339, a different panel remanded without considering a case appealed where judgment was for defendant after trial on the merits only. This panel decided to consider the present appeal after reviewing the record and concluding that there was no liability and since the matter was before us we would dispose of it at this time in preference to a remand.
We wish it clearly understood that we do not hereby establish two rules in this Court for considering appeals of matters which have been tried on liability alone. Rather we make it crystal clear that regardless of the outcome below, no future case will be considered by this tribunal unless both liability and quantum have been fully tried in the Court below, irrespective of the Lower Court’s ruling on liability. Henceforth any cause appealed to this Court after trial on the issue of liability alone, will be remanded for taking of evidence on the question of quantum.
For the above and foregoing reasons the judgment of the Lower Court is hereby affirmed at the costs of the appellants.
Affirmed.