COVINGTON, Judge.
This matter comes before this Court on a Motion to Dismiss Appeal of Defendants as premature, filed by Economy Carpets Manufacturers & Distributors, Inc. and on a Motion to Dismiss Appeal of Plaintiff as untimely, filed by Better Business Bureau of Baton Rouge Area, Inc. and St. Paul Fire & Marine Insurance Company.
The events leading up to the present motions are as follows: This case was tried by jury before Judge Melvin A. Shortess from January 31, 1977 through February 4, 1977, with the jury returning a verdict in favor of the plaintiff on February 4, 1977. On February 7,1977, the trial judge signed the judgment in conformity with the jury verdict. The question of coverage was reserved to the trial judge by Stipulation of Counsel, and was decided by Judge Shortess in written reasons on February 8, 1977, with supplemental judgment being signed on February 10, 1977. On February 10, 1977, the plaintiff devolutively appealed from the judgment of the court signed on February 7, 1977. Then, the defendants timely moved for a new trial on February 11,1977. The plaintiff filed a supplemental motion for appeal and appeal bond on February 15, 1977. This action resulted in the trial judge declining to consider the defendants’ motion for a new trial, holding on February 25,1977, that the appeal divested the court of jurisdiction.
Thereafter, this Court dismissed on March 10, 1977, the plaintiff’s appeal as premature inasmuch as the trial court had not yet considered the defendants’ motion for new trial. On the same date this Court recalled the alternate writs of mandamus, certiorari and prohibition commanding the trial court to hear and rule on the pending motion for new trial. On March 18, 1977, Judge Shortess granted a partial new trial limited to quantum, with the order therefor being signed on March 25,1977. On March 21, 1977, the plaintiff filed a motion to vacate the granting of the new trial. On March 23, 1977, the defendants appealed the judgments of February 7, 1977 and February 10, 1977. Subsequently, on April 1, 1977, the trial judge, after considering oral argument and written memoranda, denied the Motion to Vacate and Set Aside Order Granting Partial New Trial.
We find that we must pretermit a decision on the two motions to dismiss the respective appeals in this case, because the case is not in a proper posture for an appeal The granting of the partial new trial had the effect of making the judgment below a partial judgment. The judgment as it now stands has decided only the issue of liability; the question of quantum is yet to be decided by the jury after the granting of a partial new trial on this issue only.
The law is settled that a partial judgment of this type is not appealable. LSA-C.C.P. arts. 1841, 1915; Bettencourtt v. Boyd, 209 So.2d 339 (La.App. 1 Cir. 1968).
In Celestine v. Hub City Motors, Inc., 327 So.2d 700, 702 (La.App. 3 Cir. 1976), the Court said:
“(W)e reaffirm the rule that cases are not to be tried piecemeal in the trial court and that appeals will not be entertained from judgments in such instances.”
We take this opportunity to iterate the position we stated in Powell v. Continental Insurance Company, 212 So.2d 739, 742 (La.App. 1 Cir. 1968):
“(W)e make it-crystal clear that regardless of the outcome below^no . case will be considered by this tribunal unless both liability and quantum have been fully tried in the Court below, irrespective of the Lower Court’s ruling on liability. . . . (A)ny cause appealed to this Court after trial on the issue of liability alone, will be remanded for taking of evidence on the question of quantum.”
The case is remanded to the trial court for further proceedings to consider the question of quantum. After such proceedings, if an appeal is sought by either the *1248 plaintiff or the defendants, this Court will be in a position to consider the entire case and thereby avoid more than one appeal. Costs of these appeals are assessed equally against the plaintiff and the defendants, and all other costs are to await final disposition.
REMANDED.