480 So.2d 782 (1985)
J.L. DUHON, et als., Plaintiffs-Appellees,
v.
ALLSTATE INSURANCE COMPANY, et als., Defendants-Appellants-Appellees.
No. 85-479.
Court of Appeal of Louisiana, Third Circuit.
October 24, 1985.
*783 Simon & Woodruff, Paula Kobetz Woodruff, Lafayette, Cooper, Ortego & Woodruff, Calvin E. Woodruff, Abbeville, for plaintiffs-appellees.
Roy & Hattan, M. Candice Hattan, Voorhies & Labbe, Kathleen F. Drew, Lafayette, for defendants-appellants-appellees.
Before FORET, DOUCET and YELVERTON, JJ.
FORET, Judge.

MOTION TO DISMISS
The plaintiffs-appellees, J.L. Duhon, Winona Duhon, and Dianna Duhon, moved to dismiss the suspensive appeal of the defendants-appellants, Palmer Savoy and Allstate Insurance Company, on the grounds that the judgment appealed from is a partial unappealable judgment as it consists of a directed verdict and a judgment n.o.v. on the issue of liability, and grants a new trial on the issue of damages.
The trial court rendered judgment in favor of the plaintiffs on November 27, 1984. On November 30, 1984, plaintiffs filed a Motion for a New Trial, or in the Alternative, Additur and For Judgment N.O.V. On January 14, 1985, after a hearing, the trial court rendered a judgment granting the plaintiffs' motion for judgment n.o.v. and granted a new trial on the issue of damages. The judgment n.o.v. reversed the jury's verdict which had found Palmer Savoy seventy-eight (78%) per cent at fault and Dianna Duhon twenty-two (22%) per cent at fault and, instead, found Palmer Savoy to be one hundred (100%) per cent at fault.
On March 4, 1985, the defendants were granted a suspensive appeal from the judgment n.o.v. and from the order of the trial court granting the plaintiffs a new trial on the issue of damages.
The defendants cannot appeal the trial court's order granting plaintiffs a new trial as the order is reviewable only under the appellate court's supervisory jurisdiction for abuse of discretion. LSA-C.C.P. Art. 2083; Jackson v. Watson, 360 So.2d 582 (La.App. 4 Cir.1978).
The plaintiffs contend that the defendants cannot appeal the judgment n.o.v. which held the plaintiffs free from negligence as the granting of a new trial on the issue of quantum had the effect of making the judgment below a partial judgment which was not appealable. LSA-C.C.P. Arts. 1841, 1915; Economy Carpets v. Better Business Bur., Etc., 351 So.2d 1246 (La.App. 1 Cir.1977), writ denied, 352 So.2d 1041 (La.1977). We disagree.
Economy Carpets was decided before the 1983 Amendment to Louisiana Code of Civil Procedure Article 1915 which now provides in pertinent part:
"ART. 1915. PARTIAL JUDGMENT
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
* * * * * *
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury."
After a jury trial, the trial court rendered the initial judgment on the issue of *784 liability and damages on November 27, 1984. The judgment on liability was later modified by the judgment n.o.v. on January 14, 1985. The trial court also ordered a new trial on the issue of damages which will be heard before a different jury.
Therefore, under LSA-C.C.P. Art. 1915 the defendants may appeal the partial judgment rendered on the issue of liability.
For the reasons assigned, the defendants' appeal from the trial court's judgment granting a new trial is dismissed. The defendants' appeal from the judgment on the issue of liability is maintained.
MOTION GRANTED IN PART AND DENIED IN PART.