*322 MOTION TO DISMISS
YELVERTON, Judge.
The plaintiffs-appellees, Phillip W. Wagner and Linda Wagner, moved to dismiss the appeal of the defendants-appellants, Si-muel M. Wooley, CENLA Auto Parts, Inc. and Trinity Universal Insurance Company of Kansas, Inc., on the ground that the judgment appealed from is not a final ap-pealable judgment.
On June 19, 1985, a jury rendered a judgment in favor of the defendants. Thereafter, the plaintiffs filed a Motion for Judgment Notwithstanding the Verdict and/or Motion for New Trial. On January 23, 1986, the trial court rendered a Judgment Notwithstanding the Verdict in favor of the plaintiffs on the issue of liability and granted a new trial on the issue of damages. The trial court further ordered that, in accordance with Louisiana Code of Civil Procedure Article 1971, the provisions of the judgment, as to all parties and issues, be held in abeyance pending final decision on the new trial granted on the issue of damages.
On February 12, 1986, the defendants were granted an appeal from the judgment rendered on January 23, 1986. The plaintiffs contend that the defendants cannot appeal the judgment as it is not a final appealable judgment.
In Duhon v. Allstate Ins. Co., 480 So.2d 782 (La.App. 3rd Cir.1985), a similar matter decided by this Court, we held that a defendant cannot appeal a trial court’s order granting plaintiffs a new trial as the order is reviewable only under the appellate court’s supervisory jurisdiction for abuse of discretion. LSA-C.C.P. art. 2083; Jackson v. Watson, 360 So.2d 582 (La.App. 4th Cir.1978). This Court further held in Du-hon, supra, that under LSA-C.C.P. art. 1915, a defendant may appeal a partial judgment rendered on the issue of liability. LSA-C.C.P. art. 1915 provides in pertinent part:
“ART. 1915. PARTIAL JUDGMENT
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
[[Image here]]
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.”
After a jury trial, the trial court rendered a judgment in favor of the defendants. Subsequently, the trial court rendered a Judgment Notwithstanding the Verdict in favor of the plaintiffs on the issue of liability and granted a new trial on the issue of damages. Therefore, under LSA-C.C.P. art. 1915, the defendants may appeal the partial judgment rendered on the issue of liability.
For the reasons assigned, the defendant’s appeal from the judgment on the issue of liability is maintained and the defendants appeal of the judgment granting a new trial is dismissed.
MOTION GRANTED IN PART AND DENIED IN PART.