LOTTINGER, Judge.
The City of Houma and the Terrebonne Parish Police Jury have filed a motion to dismiss this unlodged appeal contending the judgment is not appealable.
Following a bifurcated trial on the issue of liability, the trial court rendered judgment on June 2, 1987, finding defendants the City of Houma and the Terrebonne Parish Police Jury liable and dismissing plaintiffs’ claims against State Farm Fire & Casualty Company. The issue of damages was reserved for trial at a later date. Plaintiffs appeal the judgment insofar as it dismisses their claims against State Farm. Defendants the City of Houma and the Terrebonne Parish Police Jury have filed a motion to dismiss the appeal, contending the judgment is not appealable because it adjudicates only the issue of liability.
La.Code Civ.P. art. 2083 provides:
An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, from an interlocutory judgment which may cause irreparable injury, and from a judgment reformed in accordance with a remittitur or additur under Article 1814. La.Code Civ.P. art. 1915 in part provides:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or intervenors.
[[Image here]]
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
B. If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case.[1]
The judgment in the present case is clearly an appealable partial judgment because it dismisses the suit as to less than all of the defendants and it adjudicates the issue of liability, which was tried separately. Defendants cite several cases which held that a judgment disposing of only the issue of liability was not a final, appealable judgment. See Martin v. Howard Brothers Discount Stores, Inc., 376 So.2d 1280 (La.App. 2d Cir.1979); Powell v. Continental Insurance Company, 212 So.2d 739 (La.App. 1st Cir.1968); Bettencourtt v. Boyd, 209 So.2d 339 (La.App. 1st Cir.1968). However, all of those cases were decided before article 1915 was amended in 1983 to add paragraph (5), which specifically states a judgment deciding the issue of liability (when that issue has been tried separately) is a final, i.e. appealable judgment. See Duhon v. Allstate Insurance Company, 480 So.2d 782 (La.App. 3rd Cir.1985).
In Wagner v. Wooley, 484 So.2d 321 (La. App. 3rd Cir.1986), reversed, 486 So.2d 730 (La.1986), the trial court rendered a Judgment Notwithstanding the Verdict in favor of the plaintiffs on the issue of liability and granted a new trial on the issue of damages. The trial court ordered, in accordance with La.Code Civ.P. art. 1971, that the provisions of the judgment as to all parties and issues be held in abeyance pending final decision on the new trial. Defendants appealed, and plaintiffs moved to dismiss *651 the appeal as it was not a final appealable judgment. The Third Circuit maintained the appeal as to liability but dismissed the appeal as to the granting of the new trial. The Supreme Court reversed and dismissed the appeal as premature, citing La.Code Civ.P. art. 1971. We distinguish this case from the case sub judice because the judgment was held in abeyance.
Therefore, the motion to dismiss is denied at appellee’s costs.
MOTION DENIED.

. The provisions of paragraph (5) were added to article 1915 by Acts 1983, No. 534, § 3. They were previously contained in article 466, enacted by Acts 1980, No. 598, § 1.