DOMENGEAUX, Judge.
MOTION TO DISMISS
Defendants-appellees, Florida Exploration Company, Houston Natural Gas Corporation, Apache Corporation and APC Operating Partnership, move to dismiss the appeal as premature.
Following trial on the merits, judgment in favor of plaintiff-appellant was signed on July 31, 1989. The judgment ordered defendant-appellee, Florida Exploration Company, to reassign to Carnes W. and Lorraine Weaver all acreage which had been assigned by the Weavers to Florida Exploration Company by an assignment executed on November 1, 1981. The judgment reserved to plaintiffs the right to present further proof on damages for failure to reassign in the event Florida Exploration Company is unable to reassign all acreage. The judgment further ordered defendants to pay all royalties due to the plaintiffs. All remaining demands of the plaintiffs were denied in the judgment.
On August 9, 1989, plaintiffs filed a Motion for New Trial and Motion to Set Hearing Date on Issue of Damages. By this pleading, plaintiffs sought a partial new trial for the purpose of determining the damages sustained by defendants failure or inability to reassign all of the acreage. The trial judge granted plaintiffs a new trial on the issue of damages for the failure to reassign the leases which were the subject of the November 1, 1981, assignment to Florida Exploration Company.
On plaintiffs’ motion, the trial judge, on March 2, 1990, signed an order of appeal allowing plaintiffs to devolutively appeal from the judgment signed on July 31, 1989, insofar as that judgment failed to grant all of the relief requested by plaintiffs. Defendants-appellees contend the appeal is premature.
*1002 La.C.C.P. Art. 2083 provides, in pertinent part:
An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, ...
Article 1915 of the La.Code of Civil Procedure authorizes certain partial judgments. The pertinent provisions of La.C.C.P. art. 1915 are:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
[[Image here]]
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
B. If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case.
In support of the motion to dismiss, defendants-appellees cite Economy Carpets v. Better Business Bur. of Baton Rouge Area, Inc., 351 So.2d 1246 (La.App. 1st Cir.1977) writ denied 352 So.2d 1041 (La.1977) and Bettencourtt v. Boyd, 209 So.2d 339 (La.App. 1st Cir.1968). In Economy Carpets, supra the trial judge granted a partial new trial on the issue of damages. The defendants then appealed the judgment in conformity with the jury’s verdict in favor of plaintiff and the judgment on the question of coverage which was reserved to the trial judge by stipulation of counsel. The case was remanded to the trial court as the court of appeal found the ease was not in a proper posture for an appeal. In so finding, the court made the following statements:
The granting of the partial new trial had the effect of making the judgment below a partial judgment. The judgment as it now stands has decided only the issue of liability; the question of quantum is yet to be decided by the jury after the granting of a partial new trial on this issue only. The law is settled that a partial judgment of this type is not appealable. LSA-C.C.P. arts. 1841, 1915; Bettencourtt v. Boyd, 209 So.2d 339 (La.App. 1st Cir.1968).
In Bettencourtt v. Boyd, supra a judgment was entered on the issue of liability with the issue of quantum being left in abeyance by consent of the parties. Defendants sought an appeal from such judgment. As the court determined a judgment on the issue of liability alone was not' the type of partial judgment contemplated by the Code of Civil Procedure, the case was remanded for the taking of evidence on the issue of quantum.
Recent cases such as Duhon v. Allstate Ins. Co., 480 So.2d 782 (La.App. 3rd Cir.1985) and Andreasen v. City of Houma, 515 So.2d 649 (La.App. 1st Cir.1987) have questioned the applicability or validity of Economy Carpets, supra and Betten-courtt, supra because those cases were decided prior to the 1983 amendment to La.C.C.P. art. 1915 subd. A, which added paragraph 5 to that article. Relying on La.C.C.P. art. 1915, the courts in Duhon, supra and Andreasen, supra denied motions to dismiss appeals from judgments rendered on the issue of liability alone.
Turning to the facts of the instant case, a new trial was granted to determine if Florida Exploration Company would be able to reassign all of the acreage, and to allow the presentation of proof of damages for acreage unable to be reassigned. The judgment in the instant case did not decide the issue of liability only. The judgment granted plaintiffs the relief sought by ordering the reassignment of the leases which had previously been assigned to Florida Exploration Company.
When the trial judge granted plaintiffs’ motion for new trial for determining whether Florida Exploration Company would be able to reassign all of the leases and for the introduction of proof of damages in the event Florida Exploration Company could not reassign all of the acreage, the judgment became a partial judgment. The judgment, however, does not conform *1003 to any of the appealable partial judgments defined in La.C.C.P. art. 1915. The new trial was not granted as to the issue of damages only, rather it was granted as to the issue of what acreage, if any, Florida Exploration Company would be unable to reassign and to allow proof of damages for acreage unable to be reassigned. Such a judgment does not fall within paragraph 5 of La.C.C.P. art. 1915, subd. A.
Therefore, the appeal from the judgment in this case is premature. The motion to dismiss is hereby granted and the case remanded for a partial new trial. After such proceedings, if an appeal is sought by either plaintiffs or defendant, this Court will be in a position to consider the entire case. Costs of the appeal are assessed against plaintiffs-appellants.
MOTION GRANTED AND APPEAL DISMISSED.