188 So.2d 170 (1966)
Milbon J. JEANSONNE
v.
Ray B. WILLIE et al.
No. 2242.
Court of Appeal of Louisiana, Fourth Circuit.
June 6, 1966.
Rehearing Denied July 5, 1966.
*171 Reuter, Reuter & Schott, Patrick M. Schott, New Orleans, for plaintiff-appellant.
Christovich & Kearney, A. R. Christovich, Jr., Porteous & Johnson, Lloyd C. Melancon, New Orleans, for defendants-appellees.
J. Thomas Nelson, New Orleans, for Ray B. Willie, defendant-appellee.
Albert J. Huddleston, New Orleans, for U. S. Fidelity & Guaranty Co., intervenor.
Jones, Walker, Waechter, Poitevant, Carrere & Denegre, I. G. Kiefer, New Orleans, for Liberty Mut. Ins. Co., intervenor.
Before McBRIDE, CHASEZ and SAMUEL, JJ.
McBRIDE, Judge.
Plaintiff, claiming to have been injured in an automobile accident which occurred early in the morning on September 4, 1963 at or near the south draw of Lake Pontchartrain Causeway, brought this suit for $250,000 damages against four alleged joint tort-feasors and the insurer of one of said defendants, all in solido; two intervenors joined with plaintiff, one seeking reimbursement of workmen's compensation paid plaintiff as the result of his injuries; the other intervenor was the insurer who sought recovery of the damages sustained by plaintiff's automobile, which it paid plaintiff under its policy. One defendant was released from the suit on a summary judgment which is now final and that defendant is not a party to the case. In due course the matter proceeded to trial as to plaintiff, the three remaining defendants, and the intervenors, and "by stipulation among the parties, only the question of liability was presented to the Court."
The judgment decreed:
"* * * that there be judgment herein in favor of plaintiff, MILBON J. JEANSONNE, and against defendant, RAY B. WILLIE, in such amount as may be determined by further proceedings; that there be judgment herein in favor of defendants, PRESTRESSED CONCRETE PRODUCTS COMPANY, GENE GERMANY and AMERICAN GENERAL INSURANCE COMPANY, and against plaintiff, MILBON J. JEANSONNE, dismissing the suit against them.
"* * * that there be like judgment rendered herein as to the intervention of UNITED STATES FIDELITY and GUARANTY CO., the collision insurance carrier of plaintiff, Milbon J. Jeansonne, and further as to the intervention of LIBERTY MUTUAL INSURANCE COMPANY, for payments of Workmen's Compensation made to plaintiff, Milbon J. Jeansonne.

*172 "The California Company was previously dismissed from this suit by judgment dated January 20, 1965.
"Taxation of costs to await final decision herein." (Italics ours.)
The plaintiff and the intervenors appealed from that portion of the judgment dismissing their respective claims against three of the defendants.
This case portrays a classic example of the piecemeal trial leaving other issues to await a future trial or trials. Louisiana courts do not sanction partial trials and fragmentary adjudications of lawsuits. In an official comment found beneath C.C.P. art. 1915 it is stated: "The rule that there should be one final judgment is designed to prevent multiplicity of appeals and piecemeal litigation."
We find the following expressions on the subject-matter made by various courts: "the law does not favor bringing up cases by piecemeal"; "it is well settled in our jurisprudence that the law does not favor a multiplicity of suits and frowns upon the trial of cases in piecemeal"; "if this be not so, there may be, in any given case, as many appeals as there are issues presented"; "the above article makes it certain that it is not the policy of the law to permit a lawsuit to reach the appellate court in fragments or piecemeal"; "under our procedure and jurisprudence, trial of all matters pertaining to the existence of liability on the part of defendant is held on the merits, rather than piecemeal"; "the trial of cases in piecemeal is not favored". Loew's v. Don George, Inc., 227 La. 127, 78 So.2d 534; Succession of Dancie, 187 La. 628, 175 So. 418; Bossier's Heirs v. Hollingsworth & Jackson, 117 La. 221, 41 So. 553; Blackburn v. Toye Bros. Yellow Cab Co., La.App., 115 So.2d 65; Leteff v. Maryland Casualty Co., La. App., 82 So.2d 80 (Cert. Den.), and General Motors Acceptance Corp. v. McCarthy, La. App., 50 So.2d 520.
In Beckham v. Hartford Accident & Indemnity Company, La.App., 137 So.2d 99, which is strikingly similar to the instant case, our brothers of the Third Circuit had before them a summary judgment in plaintiff's favor on the issue of liability alone. In discussing such unsatisfactory procedure and the appealability of the judgment, the court stated:
"Applying the above principle of law to the instant case, it is apparent that our legislature and the redactors of our Code of Civil Procedure intentionally omitted, as unnecessary in Louisiana, any provision for summary judgment on the issue of liability alone. Furthermore, any construction permitting summary judgment on the issue of liability alone, under the general provisions of LSA-C.C.P. Art. 966 that summary judgments may be rendered `for all or part of the relief for which he has prayed' would defeat the prime purpose of all of our new rules of procedure which is to secure the just, speedy and inexpensive determination of every action. This is true because, as stated above, LSA-C.C.P. Art. 968 states categorically that summary judgments are final judgments and as such they are appealable. If we were to allow the appeal of a summary judgment on the issue of liability alone, it would of course result in piecemeal appeals and completely frustrate the very purpose of the summary judgment procedure."
In addition to the above observation, in Beckham v. Hartford Accident & Indemnity Company, supra, the court pointed out that any judgment in plaintiff's favor on only the question of liability would be tantamount to a ruling on his cause of action and not the granting of any relief for which he might have prayed. Note this language:
"In addition to the above reasons, it appears that a close reading of LSA-C.C.P. Art. 966 will show that a summary judgment may be granted for all or part `of the relief for which he has prayed'. In the instant case, the only `relief for which plaintiff has prayed is a money judgment. The summary judgment *173 granted no such relief, in whole or in part. Actually the summary judgment in the instant case simply ruled on plaintiff's cause of action but did not grant any of the relief for which he prayed. The distinction between a `cause of action' and the `relief prayed for is well defined in our law. LSA-C.C.P. Arts. 421, 891, 862. For general discussions see Daniels v. Thomas, 10 Cir., 225 F.2d 795, certiorari denied, 76 S.Ct. 303, 350 U.S. 932, 100 L.Ed. 815; Tonn v. Inner Shoe Tire Co., Tex.Civ.App., 260 S.W. 1078; California Trust Co. v. Cohn, 214 Cal. 619, 7 P.2d 297."
If we should make an effort to review the judgment appealed from and reach the conclusion that there is liability in the three defendants-appellees, it would become necessary, after reversing the judgment dismissing the demands of plaintiff and the intervenors against them, to remand the matter for a trial on the issue of quantum on the principal demand and on the two demands in intervention, after which the trial judge would be required to render another judgment. In such event it would not be unlikely that further appeals would be taken from the second judgment which would result in multiple and successive appeals in the one suit on each separate and detached issue tried on the merits. If a court were to be called upon to try each phase of the case on a separate appeal, the result would be that the case loads of already overburdened appellate courts would be materially increased. No litigant has the right to try his lawsuits by degrees and to submit each isolated adjudication to a reviewing court. A case should be fully tried so that the court might pass on the matter as a whole and render a judgment such as could be executed without the necessity of a further trial in the lower court.
We are told that the defendant who was cast in the judgment is impecunious and judgment-proof. Our surmise is that it was the desire of certain of the parties to first have the question of liability adjudicated so that if there is no liability on the part of the solvent defendants-appellees the parties would be relieved of the trouble and, perhaps, the expense of adducing evidence on the question of quantum.
Whereas C.C.P. art. 2164 authorizes us to render any judgment which is just, legal, and proper upon the record on appeal, we think the ends of justice and orderly procedure dictate that we annul and set aside those portions of the judgment complained of by appellants, and that the matter be remanded to the lower court to be there fully tried, the interested parties to adduce all and whatever evidence they deem sufficient and proper bearing on the question of quantum or any other untried issue in the case, after which the trial judge is directed to render judgment anew. If an appeal is then taken from that judgment appeal is then taken from that judgment this court will be in a position to properly dispose of the case with one judgment.
It is so ordered; costs of this appeal to be borne by appellees.
Annulled, set aside and remanded.