209 So.2d 339 (1968)
Clement A. BETTENCOURTT, Jr., Individually and for the Use and Benefit of and on Behalf of his minor children, Gail Ann Bettencourtt and Robert Louis Bettencourtt, Mrs. Gladys C. Bettencourtt and Mrs. Mathilda B. Brockhoeft, Plaintiffs-Appellees,
v.
Darnell BOYD, the Travelers Insurance Company, Robert E. Breecher and State Farm Mutual Automobile Insurance Company, Defendants-Appellants.
No. 7318.
Court of Appeal of Louisiana, First Circuit.
April 8, 1968.
*340 Iddo Pittman, Jr., of Pittman & Matheny, Hammond, France W. Watts, III, of Watts & Watts, Franklinton, for defendants-appellants.
Raymond H. Kierr, of Kierr & Gainsburgh, New Orleans, for plaintiffs-appellees.
Before LOTTINGER, ELLIS, and CUTRER, JJ.
CUTRER, Judge.
Plaintiffs instituted this action in order to recover for damages incurred as a result of an automobile accident which occurred on May 27, 1962. The collision took place in the town of Mandeville at the "Y" intersection of Highway 190 and the East approach to the Lake Ponchartrain Causeway. At a pre-trial conference the parties agreed to try the case purely on the question of liability. Evidence with regard to quantum was not adduced nor was this item stipulated. The judgment of the trial court reads as follows:
"The merits pertaining to the issues of liability only have been tried to the Court, the issue of damages being left in abeyance by consent of the parties; and the Court, having taken time to consider, finds the law and the evidence thereon in favor of all plaintiffs and against all defendants for written reasons heretofore assigned;
IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of all plaintiffs on the issues of liability and against all defendants jointly, severally, and solidarily, for just compensation of the damages sustained by plaintiffs, yet to be determined, legal interest, and costs." (Emphasis ours)
Defendants, State Farm Mutual Automobile Insurance Company and The Travelers Insurance Company prosecute this appeal.
Travelers also filed a motion to dismiss the appeal on the grounds that the above judgment, disposing only of the issue of liability, is not a final judgment.
Travelers' motion to dismiss was not timely filed, however this court, on its own motion, is compelled to dismiss this action for lack of jurisdiction. See LCCP 2162, Section 5 of Rule VII of the Uniform Rules of the Courts of Appeal, Green v. New Orleans Public Service, Inc., La.App., 194 So.2d 398.
Since the above judgment is not an interlocutory judgment, it is appealable only if it is deemed a final judgment. LCCP 2083. A judgment that determines the merits in whole or in part is a final judgment. LCCP 1841.[1] It is contended that the judgment in question determines the merits in part since it disposes of the question of liability. This judgment is not the type of partial judgment contemplated by the Louisiana Code of Civil Procedure. LCCP 1841 must be read in pari materia with LCCP 1915,[2] which article sets out the *341 different types of partial judgments which are appealable.
In Jeansonne v. Willie, La.App., 188 So. 2d 170, pursuant to a stipulation, only the question of liability was presented to the court. The matter was tried and the judgment decreed:
"`* * * that there be judgment herein in favor of plaintiff, MILBON J. JEANSONNE, and against defendant, RAY B. WILLIE, in such amount as may be determined by further proceedings; * * *." (Emphasis ours)
The Fourth Circuit Court of Appeal dismissed the appeal and made the following statement with which we are in accord:
"This case portrays a classic example of the piecemeal trial leaving other issues to await a future trial or trials. Louisiana courts do not sanction partial trials and fragmentary adjudications of lawsuits. In an official comment found beneath C.C.P. art. 1915 it is stated: `The rule that there should be one final judgment is designed to prevent multiplicity of appeals and piecemeal litigation.'

* * * * * *
No litigant has the right to try his lawsuits by degrees and to submit each isolated adjudication to a reviewing court. A case should be fully tried so that the court might pass on the matter as a whole and render a judgment such as could be executed without the necessity of a further trial in the lower court."
The previous judgment is hereby annulled and set aside and this case is now remanded to the trial court in order that evidence may be adduced with regard to quantum after which the trial judge shall render judgment anew. After such proceedings, if an appeal is sought, this court will be in a position to entertain the entire case and thereby avoid more than one appeal.
Annulled, set aside and remanded.
NOTES
[1] LCCP-Art. 1841 provides in pertinent part "A judgment that determines the merits in whole or in part is a final judgment."
[2] LCCP-Art. 1915. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:

(1) Dismisses the suit as to less than all of the plaintiffs defendants third party plaintiffs, third party defendants, or interveners;
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969;
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969; or
(4) Renders judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case.