215 So.2d 394 (1968)
Allen Paul McDONALD, Plaintiff-Appellant (Defendant in Reconvention),
v.
Carroll C. BOOK et al., Defendants-Appellees (Plaintiffs in Reconvention).
No. 2443.
Court of Appeal of Louisiana, Third Circuit.
October 31, 1968.
Rehearing Denied November 30, 1968.
*395 Johnson & LeBlanc, by Robert Johnson, New Iberia, Davidson, Meaux, Onebane & Donohoe, by J. J. Davidson, Jr., Lafayette, for plaintiff-appellant.
McBride & Brewster, by Norman P. Foret, Lafayette, for defendants-appellees.
Before TATE, FRUGE, and CULPEPPER, JJ.
TATE, Judge.
This is a tort suit arising from an intersectional collision. A Chevrolet driven by the plaintiff McDonald was struck by a Lincoln driven by Larry Book, a minor. McDonald sues Book's father and his liability insurer (State Farm) for damages sustained. Book and State Farm reconvene for property damage sustained by the Book car.
The District Court held that McDonald's negligence was the sole proximate cause of the accident. The defendants received judgment awarding them damages against the plaintiff on their reconventional demand against him. The plaintiff's principal demand was dismissed. Plaintiff appeals.
The sole merits-issue on appeal is factual: Which driver had the green light?

1.
However, at the threshold a serious procedural issue is raised by the circumstance that the plaintiff's principal demand for judgment against the defendants was only partially tried.
After the 1964 trial of the entire suit, the record was left open for the introduction of medical testimony to prove the extent of the plaintiff's personal injuries. Apparently by stipulation (no formal minute entry or pleading to this effect is found), the parties later submitted the principal demand to the trial court for decision on the issue of negligence alone.
Ordinarily, we could not consider an appeal from a trial court ruling on the issue of negligence alone. Louisiana's traditional procedural policy has disfavored the piecemeal trial of cases except where expressly permitted by statute. Loew's, Inc. v. Don George, 227 La. 127, 78 So.2d 534; Bielkiewicz v. Rudisill, La.App. 3 Cir., 201 So.2d 136, 143. This policy was retained by the new Code of Civil Procedure. LSA-CCP Art. 1915, Comment (b); LSA-CCP Art. 2083, Note, 13 Loyola Law Review 177 (1967).
Consequently, when the issue of negligence alone has been tried, the judgment determining the issue has been held to be a nonappealable interlocutory judgment. Bettencourtt v. Boyd, La.App. 1 Cir., 209 So.2d 339; Jeansonne v. Willie, La.App. 4 Cir., 188 So.2d 170. See also Beckham v. Hartford Accident & Indem. Co., La.App. 3 Cir., 137 So.2d 99. If an appeal is taken, the merit-determination is not reviewed, but the judgment is set aside and the proceedings remanded for determination of all issues of the suit by a final judgment. The rationale is that by this means the courts wil enforce the policy inhibiting piecemeal trial and multiple appeal, the unwanted progeny of fragmentary adjudication.
One exception to this policy against fragmentary adjudication of law suits is expressly provided by LSA-CCP Art. 1038.[1] *396 This provision authorizes separate trial of principal and incidental actions, which latter of course include a reconventional demand, LSA-CCP Art. 1031. (However, the Official Comment to the article indicates that this procedure should not ordinarily be followed unless there is no connexity between the two actions separately tried, since otherwise the separate trials may lead to undesirable piecemeal appeals.)
In the present instance, in effect the reconventional demand of the defendants (as plaintiffs in reconvention) was fully tried, with all evidence as to both negligence and quantum produced or stipulated.[2] The reconventional demand was disposed of by final judgment duly signed. Thus, our review of the appeal from this final judgment disposing of this incidental action does not technically offend the procedural policy inhibiting piecemeal trial and review, in view of the exception exempting incidental actions provided by Article 1038.
Therefore, we will not apply the general policy against piecemeal appeal so as to remand the present action. To do so would force further delay and multiple appeal upon the successful plaintiffs in the incidental action, as to whom the untried issue is completely irrelevant to the claim asserted by their reconventional demand.

2.
The trial court awarded the defendants Book and State Farm, as plaintiffs in reconvention, the damages caused the Book car by the collision with the plaintiff's car.[3] The court thus held McDonald alone negligent and young Book to be free of contributory negligence.
Under the traffic-signal mechanism in effect at the intersection, either McDonald or else young Book had the green light; both could not have been so favored. The court held that McDonald had negligently crossed the intersection in the face of an unfavorable traffic signal.
The trial court's holding that young Book had the green light is supported by this driver's testimony and that of a disinterested bystander.
The appellant makes an extremely strong argument that this construction of the testimony is contrary to the preponderance of the evidence. He points out inconsistencies between these witnesses' trial testimony and prior statements by them, and he relies upon his own unvarying version and strong testimony and its corroboration by three occupants of another car to the effect that he himself had a green light and young Book a red light at the time of his entry.
Ultimately, however, we are unable to find manifest error in the trial court's factual determination, without which a reviewing court should not disturb a trial finding.
Evaluation of credibility is primarily within the province of the trial court. In the absence of clear improbability or other convincing demonstration of error, the appellate court should not, on review, overturn the trier of fact's acceptance of one sworn version of an accident over a contrary one, nor its evaluation of the truthfulness and reasonableness of testimony; nor is the trial court's evaluation *397 to be ignored because a greater number of witnesses testify contrary to its conclusion. Paquin v. Stockman, La.App. 3 Cir., 203 So.2d 419; Satterwhite v. Zurich Insurance Co., La.App. 1 Cir., 199 So.2d 429; Savage v. Haynes, La.App. 3 Cir., 146 So.2d 285. Further, and considering its opportunity for demeanor evaluation, the trial court may properly accept a witness' sworn trial version over seemingly inconsistent prior statements. Fontenot v. Fidelity General Insurance Co., La.App. 3 Cir., 185 So.2d 896.
Applying these principles, we are unable to say that the trial court committed manifest error in accepting as more accurate the testimony of young Book and of the disinterested witness, including in its acceptance as reasonable the explanation of any inconsistency with earlier versions. We will therefore affirm the factual conclusion that young Book entered the right of way on a favorable traffic signal and the plaintiff McDonald on an unfavorable one.
McDonald alternatively alleges that, even if young Book had the green light, that driver's own testimony shows him to have been contributorily negligent. He relies upon the principle that a right-of-way driver may be negligent if he has a reasonable opportunity to evade an accident after he should reasonably realize the other driver is going to violate his right of way. Sims v. Miller, La.App. 3 Cir., 193 So.2d 890.
Traveling on the favored street, the motorist Book was entitled to assume that drivers inhibited by the traffic signal would respect his own right-of-way. Bourgeois v. Francois, 245 La. 875, 161 So.2d 750. "Indeed, it is now well settled that it is only in exceptional circumstances, where the motorist on the favored street could have avoided the accident by the exercise of the slightest sort of observation and care, that he will be found derelict." 161 So.2d 753 (citing many decisions).
Here, Book testified, he approached and entered the intersection at a speed of 20-25 mph, although, immediately prior to doing so, he did observe McDonald just 25 feet from the intersection approaching it at a speed of about 30 mph. The collision occurred after Book had crossed three lanes.
In Bourgeois v. Francois, cited above, our Supreme Court held, in somewhat similar circumstances, that the inferior driver did not bear his heavy burden of proving that the right-of-way driver should actually have realized in time to take effective evasive action that the inferior motorist would continue blindly into his own favored path. Deshotels v. Southern Farm Bureau Cas. Ins. Co., 245 La. 23, 156 So.2d 465. We will not disturb the trial court holding that young Book was free of contributory negligence.
We therefore affirm the judgment on the reconventional demand against the plaintiff and in favor of the defendants.

3.
Having affirmed the judgment on the reconventional demand (which was properly before us), we find that we have determined adversely to the plaintiff an essential issue of his principal demand: that the plaintiff's contributory negligence bars his recovery in tort against the defendants. To set aside the judgment dismissing his principal demand and to remand the proceedings for the determination of quantum would be to cause a useless additional trial and appeal. To do so would be counter to an important purpose of Louisiana's policy against fragmentary trials, to avoid the possibility of multiple appeals and multiple appellate delays, which may greatly prolong the period before final determination of the suit.
For this reason, and because the adversely affected party has joined in urging that, if we affirm the judgment in the reconventional demand, we decide also the *398 principal demand on the merits at the same time as we decide the reconventional demand, we affirm the trial court judgment dismissing the plaintiff's suit.
Decree.
The judgment of the trial court is affirmed in all respects, at the cost of the plaintiff-appellant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] Art. 1038. Separate trial; separate judgment.

The court may order the separate trial of the principal and incidental actions, either on exceptions or on the merits; and after adjudicating the action first tried, shall retain jurisdiction for the adjudication of the other.
When the principal and incidental actions are tried separately, the court may render and sign separate judgments thereon. When in the interests of justice, the court may withhold the signing of the judgment on the action first tried until the signing of the judgment on the other.
[2] That is, even though the principal demand of the plaintiff was only partially tried, since the record was left open for proof of the plaintiff's damages should the trial court's determination of negligence be reversed on appeal.
[3] State Farm as collision insurer paid and was subrogated to reimbursement of $3,072.15, with the defendant Book paying the $100 deductible from the collision coverage. The trial court rendered judgment in favor of these defendants (as plaintiffs in reconvention) in these amounts.