LEMMON, Judge.
Under the terms of its collision insurance policy, Zurich Insurance Company paid for the automobile damage sustained by its insured because of the alleged negligence of Joe Bellamy Smith. Zurich sought to recover this payment by subro-gation suit against Smith and his employer, Checker Cabs, Inc., and now appeals the dismissal of its suit.
The only person who testified at the trial was William Green, Zurich’s insured. The accident occurred on December 31, 1967 at 3:17 A.M. in the City of Gretna. Green’s destination was the Algiers Fire Station where he usually reported for work at 6:00 A.M., but he was to relieve early on this occasion to allow the person he replaced to go fishing.'
Green testified that the visibility was very bad because of heavy rain. As he traveled down Monroe Street, he observed a car approaching from the opposite direction on the same street but in the next block. He slowed and looked in both directions as he approached and crossed the intersection with Perry Street. Approximately 35 feet after he crossed the intersection, he struck the rear bumper of a Checker cab, which he claimed had turned left in front of him and stopped but was still protruding onto the road. He admitted that he did not know if the cab was the same car he had seen approaching, since he didn’t see the car again after the first observation.
After Green testified, the repairman was called but had not responded to his subpoena. The trial judge agreed to let Zurich complete the record on damages at a later date. Zurich then rested, subject to this understanding. Believing that Zurich had not proved its case, defendant also rested.[1] The trial judge then dismissed the suit.
The negligence alleged in the petition was a left turn by the cab in Green’s path. This maneuver simply was not proved. Green’s only positive testimony regarding the cab described a stopped position.
Similarly, Zurich has not proved by sufficient evidence that the cab was protruding into the roadway. The investigating officer was referred to but was not called to testify, nor was the defendant called under cross-examination.
The trial judge concluded that the plaintiff had not proved its case by a preponderance of the credible evidence, and we find no manifest error in this conclusion.
The trial court did err in rendering a judgment in the case before the tes *333 timony of the repairman was obtained. Partial trials and fragmentary adjudications are not sanctioned. LSA-C.C.P. art. 1915. Jeansonne v. Willie, 188 So.2d 170 (La.App. 4 Cir. 1966). However, there was no stipulation for trial only of the question of liability m this case, as there was in Jeansonne, but only an inadvertently premature judgment because of the unusual nature of the motion for directed verdict. While we in no way condone the piecemeal trial of a case and expressly disapprove of the resulting multiplicity of appeals, no useful purpose would be served by a remand for completion of the evidence to show the amount of damages, in view of the result reached herein.
For the foregoing reasons, the judgment appealed from is affirmed, and all costs are assessed to plaintiff-appellant.
Affirmed.

. This was improperly styled a motion for a directed- verdict, which is equivalent to defendant resting his ease and asking for a decision on the merits. See Bartholomew v. Impastato, 12 So.2d 700 (Orl.App.1943). Defendant by this action also abandoned his third party demand against Green.