327 So.2d 700 (1976)
Leroy CELESTINE, Plaintiff-Appellant,
v.
HUB CITY MOTORS, INC., et al., Defendants-Appellees.
No. 5227.
Court of Appeal of Louisiana, Third Circuit.
February 13, 1976.
Taylor & Trosclair by Earl B. Taylor, Opelousas, for plaintiff-appellant.
Voorhies v. Labbé by W. Gerald Gaudet, Lafayette, for defendants-appellees.
Before MILLER, WATSON and CUTRER, JJ.
WATSON, Judge.
Plaintiff, Leroy Celestine, filed this suit to recover damages for personal injuries he sustained in a one-car accident on July 31, 1971, when he drove a Mustang automobile off Louisiana Highway 182 in Sunset, Louisiana. Made defendants were: Hub City Motors, Inc., a Ford dealer, the owner of the automobile involved in the accident and the employer of its driver, Celestine; and Hub City's liability insurer, Sentry Insurance/A Mutual Company.[1]
By pre-trial agreement and stipulation among the parties, and with the consent of the trial court, only the question of liability was litigated; quantum of damages was severed for possible future trial in the event that plaintiff prevailed on the question of liability. The trial court concluded that the accident resulted solely from the negligence of Leroy Celestine and dismissed his suit. Plaintiff has appealed.
*701 First, we must deal with the serious issue of whether this court may entertain an appeal in a tort claim which was tried only on the issue of liability.
We have reviewed the statutory law, the codal articles and the jurisprudence and we find no provision for piecemeal trial or appeal. On the contrary, we find that the courts of this state, with few exceptions, have refused to entertain appeals where all issues were not tried in the trial court.
We have solicited from counsel citations of authority authorizing the procedure utilized in the trial court. We have been cited to none. The applicable codal provision is LSA-C.C.P. art. 2083, which reads as follows:
"An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury."
The phrase "final judgment" in Article 2083 has been interpreted to exclude judgments in tort cases where only liability and not quantum has been tried. Bettencourtt v. Boyd, 209 So.2d 339 (La.App. 1 Cir. 1968); Jeansonne v. Willie, 188 So.2d 170 (La.App. 4 Cir. 1966).
We recognize that there have been exceptions.
While Danos v. Central National Insurance Co. of Omaha, 211 So.2d 106 (La.App. 1 Cir. 1968), was tried only on the issue of liability, and the dismissal of plaintiff's suit was affirmed on appeal, the appellate court stated:
"The law reprobates piece-meal trial of cases and we do not mean this case to be a precedent for similar actions in the future." 211 So.2d 109.
Also, in Powell v. Continental Insurance Company, 212 So.2d 739 (La.App. 1 Cir. 1968), the rule was relaxed and the First Circuit reviewed the appeal, but the court announced that it would never again do so and would remand any future appeals where only the issue of quantum had been tried.
This court in McDonald v. Book, 215 So.2d 394 (La.App. 3 Cir. 1968), entertained an appeal where evidence as to quantum had not been introduced on behalf of plaintiff. However, in that case, the parties prevailing on a reconventional demand had proved up their damages and this court disposed of the entire matter by affirming the judgment on the reconventional demand.
Louisiana courts face a dilemma in the problem of separate adjudication of separate issues. The first impression may be that separate trial of liability and quantum in a tort case would necessarily save time for courts, lawyers and litigants (and also save costs of litigation). While there is the possibility of savings in the trial court; there is also the possibility of a multiplicity of appeals, reversals, and new trials. The difficulties, especially as they might be compounded by the appellate process, have been expressed by Justice Albert Tate, Jr. in 30 La.L.R. 299:
"The counterpart to this trial court policy on the appellate level is the appellate court's refusal to review adjudications of partial trials, remanding for full trial of all issues, even through an affirmance of the partial judgment might dispose finally of the entire suit upon the issue adjudicated separately. Under the classic policy, an appellate court will remand an appeal upon an adjudication on negligence tried separately from damages below, refusing to review the issue even though all parties are willing for the court to decide this issue separately. The twin policies avoid prolonged litigation, multiple trial appearances of witnesses and fragmentation of their testimony overlapping several issues, and multiple adjudications and appeals, with the possibility of multiple reversals and remands."
*702 Following what we consider to be the traditional Louisiana view, as held in Bettencourtt and Jeansonne, supra, we reaffirm the rule that cases are not to be tried piecemeal in the trial court and that appeals will not be entertained from judgments in such instances. Since we believe that sound judicial administration would be served by clearly stating the rule, McDonald v. Book, supra, is overruled insofar as it is not distinguishable from the instant appeal.
The case is remanded to the trial court for further proceedings. Costs of this appeal are assessed against appellant and all other costs are to await final disposition.
Remanded.
NOTES
[1] Another case involving claims of guest passengers in the Mustang was consolidated with this case for trial and appeal; however, it has now been compromised and dismissed and is not now before the Court.