JONES, Judge.
In these consolidated suits defendant appeals from a judgment recognizing plaintiffs’ lands taken by defendant for levee purposes were not subject to the levee servitude provided for in Civil Code Art. 665, and for this reason could not be appropriated. The court held fair market value must be paid for the land to compensate plaintiffs as in an expropriation proceeding.
Prior to trial the parties stipulated that only the legal issue of appropriation versus expropriation was to be tried and the issue of damages was specifically reserved for subsequent trial, in the event the court found the property subject to expropriation. This stipulation was incorporated in a pretrial order by the court. The case was tried in this posture.
This appeal presents the question as to whether this court has jurisdiction over an appeal from a judgment deciding the legal issue of expropriation vs. appropriation and reserving the issue of damages. Code of Civil Procedure Art. 2083 provides:
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.”
Judgments rendered in tort cases where only liability and not quantum had been tried have been held not to be final judgments within the provisions of C.C.P. Art. 2083 and not appealable. Celestine v. Hub City Motors, Inc., 327 So.2d 700 (La.App., 3d Cir. 1976); Bettencourtt v. Boyd, 209 So.2d 339 (La.App., 1st Cir. 1968); Jeansonne v. Willie, 188 So.2d 170 (La.App., 4th Cir. 1966). This case poses the identical situation where the issue of defendant’s liability to plaintiffs for market value and severance damages was tried and the amount to which plaintiffs were entitled was to be determined in subsequent trial. The case presents an example of piecemeal litigation which fosters multiplicity of trials and appeals. Celestine v. Hub City Motors, Inc., supra.
The defendant’s appeal is dismissed because the judgment appealed from is neither a final judgment nor an interlocutory judgment causing irreparable injury. C.C.P. Art. 2083.
The case is remanded to the trial court for further proceedings. All costs on appeal are assessed against appellant.