JONES, Judge.
Plaintiffs in this slip and fall case appeal a judgment rejecting their demands for damages on a finding of no negligence on the part of either defendant, Howard Brothers Discount Stores, Inc. or Mid-South Linen and Uniform Service, and also upon a finding of contributory negligence on the part of plaintiff-wife.
During trial at the conclusion of the introduction of evidence on the issue of liability, the parties stipulated with the consent of the court for a bifurcated trial. They agreed that the court would decide the issue of liability and that in the event it was decided adverse to defendants, plaintiffs would then proceed to prove their damages by the introduction of medical testimony and medical bills. The issue of liability was decided adverse to plaintiffs and no evidence was taken on the issue of damages.
This court on its own motion questioned whether the judgment appealed from is a reviewable judgment because the issue of damages was reserved for a future trial to be held only in the event liability was decided favorably to plaintiffs. This court invited the filing of supplemental briefs on the issue of whether the judgment is authorized by law and in the responses received by it from the parties no authority was found for a bifurcated trial.
LSA-C.C.P. Art. 2083 provides:
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.”
The provision that absent irreparable injury only final judgments are appealable is designed to prevent a multiplicity of appeals and piecemeal litigation. Judgments rendered in cases where only liability and not quantum were tried have been held not to be final judgments under the provisions of LSA-C.C.P. Art. 2083, and therefore not appealable. Celestine v. Hub City Motors, Inc., 327 So.2d 700 (La.App. 3d Cir. 1976); Bettencourtt v. Boyd, 209 So.2d 339 (La. App. 1st Cir. 1968); Jeansonne v. Willie, 188 So.2d 170 (La.App. 4th Cir. 1966). The Cel-estine case was similar to the one here presented in that there the issue of damages was never tried. The issue of liability was decided adverse to the plaintiff and he appealed that judgment.
Substantially the same circumstances as are here presented also existed in the case of Jeansonne v. Willie, supra, wherein the question of liability was decided in favor of the defendants who were solvent:
“We are told that the defendant who was cast in the judgment is impecunious and judgment-proof. Our surmise is that it was the desire of certain of the parties to first have the question of liability adjudicated so that if there is no liability on the part of the solvent defendants-appellees the parties would be relieved of the trouble and, perhaps, the expense of adducing evidence on the question of quantum.” Id. at 173.
The court in Jeansonne made the following comment with regard to the bifurcated trial:
“If we should make an effort to review the judgment appealed from and reach the conclusion that there is liability in the *1282 three defendants-appellees, it would become necessary, after reversing the judgment dismissing the demands of plaintiff and the intervenors against them, to remand the matter for a trial on the issue of quantum on the principal demand and on the two demands in intervention, after which the trial judge would be required to render another judgment. In such event it would not be unlikely that further appeals would be taken from the second judgment which would result in multiple and successive appeals in the one suit on each separate and detached issue tried on the merits. If a court were to be called upon to try each phase of the case on a separate appeal, the result would be that the ease loads of already overburdened appellate courts would be materially increased. No litigant has the right to try his lawsuits by degrees and to submit each isolated adjudication to a reviewing court. A case should be fully tried so that the court might pass on the matter as a whole and render a judgment such as could be executed without the necessity of a further trial in the lower court.” Id. at 173.
In our recent decision of Deltic Farm and Timber Co., Inc. v. Board of Commissioners For Fifth Levee District, 353 So.2d 1105 (La.App. 2d Cir. 1977) this court refused to review a judgment under circumstances involving piecemeal litigation wherein the question of liability of the defendant was decided but the issue of the amount of damages was reserved for a future trial. In that case the judgment appealed held landowners had a claim against a levee board for the value of property taken for levee purposes but made no determination as to the value of the property taken. See also a discussion of piecemeal litigation contained in our recent decision of Smith v. Hanover Insurance Co., 363 So.2d 719 (La. App. 2d Cir. 1978) wherein a partial summary judgment adjudicating underinsured motorist coverage in favor of the plaintiff but deciding no other issue was annulled and set aside as not authorized by our procedural law.
The judgment appealed from is a final judgment in the sense that it has the effect of concluding the litigation just as effectively as a judgment which sustained an exception of no cause of action. However, the judgment appealed from is not a reviewable judgment within the contemplation of LSA-C.C.P. Art. 2083. Our procedural law does not provide for or permit a judgment in a bifurcated trial wherein the court considered only the issue of liability with the agreement and understanding that in the event it was decided favorably to plaintiff then the issue of damages would be later tried and decided.
Without considering the merits of the trial court’s determination of the issue of liability in favor of the defendants, we reverse and set aside the judgment under the authority of LSA-C.C.P. Art. 2164.[1] We remand the case for further proceedings with the assessment of costs to be delayed until a final determination of the case.

. LSA-C.C.P. Art. 2164: “The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. .