376 So.2d 631 (1979)
Patsy LANTZ, Plaintiff-Appellee,
v.
Wilton CAMPBELL et al., Defendants-Appellants.
Henry LANTZ, Plaintiff-Appellee,
v.
Wilton CAMPBELL et al., Defendants-Appellants.
Nos. 7441, 7442.
Court of Appeal of Louisiana, Third Circuit.
October 18, 1979.
*632 Voorhies & Labbé, W. Gerald Gaudet, Lafayette, for defendant-appellant.
Clifford L. Newman, Lake Charles, for plaintiff-appellee.
Saal & Saal, I. P. Saal, Gueydan, Raggio, Cappel, Chozen & Berniard, Richard B. Cappel, Lake Charles, Plauché, Smith, Hebert & Nieset, James R. Nieset, Lake Charles, for defendants-appellees.
Before GUIDRY, STOKER and DOUCET, JJ.
STOKER, Judge.

MOTION TO DISMISS
This matter is before us at this time on a motion to dismiss the appeal taken by Aetna Insurance Company from a declaratory judgment rendered below. The motion to dismiss was filed by defendants-appellees, Aetna Casualty and Surety Company and Central Mutual Insurance Company.
The chronology of events leading to this motion are as follows. Henry and Patsy Lantz brought a tort action to recover damages for personal injuries which resulted when their automobile was struck by an automobile driven by Wilton Campbell. Made defendants were Wilton Campbell, the driver of the automobile; Aetna Insurance Company, the liability insurer of the automobile; Central Mutual Insurance Company, the excess liability insurer of the vehicle; and Aetna Casualty and Surety Company, the uninsured motorist insurer of plaintiffs.
After answers were filed on behalf of all defendants, Aetna Insurance Company filed a Motion for Declaratory Judgment seeking to limit its liability under the insurance policy to $5000.00.
The trial court, by judgment rendered and signed on July 24, 1979, found that Aetna's limit of liability under its liability policy was $250,000 per person and $800,000 per accident.
From this judgment, Aetna Insurance Company filed an appeal. In response to Aetna's appeal, Central Mutual Insurance Company and Aetna Casualty and Surety Company filed this motion to dismiss the appeal, contending that the appeal should not be entertained because the declaratory judgment rendered below is an interlocutory decree from which no appeal lies and, in the alternative, that the appeal should not be entertained because it would require piecemeal litigation of the tort case.
Code of Civil Procedure Article 1871 provides:
Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for; and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The declaration shall have the force and effect of a final judgment or decree. (Emphasis added)
Code of Civil Procedure Article 1877 states:
All orders, judgments, and decrees under Article 1871 through 1883 may be reviewed as other orders, judgments, and decrees.
Code of Civil Procedure Article 2083 provides:
An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.
It is apparent from the Code of Civil Procedure that a declaratory judgment is a final judgment, not an interlocutory decree. Since a declaratory judgment is not an interlocutory decree, one need not show irreparable harm to have the right to appeal. The appellees' contention that the declaratory judgment is an interlocutory decree, not subject to appeal, is without merit.
*633 In the alternative, appellees contend that the court should not entertain the appeal because it would require piecemeal litigation of the tort case below.
In Celestine v. Hub City Motors, Inc., (La.App.3rd Cir. 1976), 327 So.2d 700, plaintiff brought a tort suit to recover damages for personal injury. By consent of court and stipulation of the parties at trial, the single question of liability was litigated, the issue of damages being withheld for future determination. The trial court found that defendant was not negligent and dismissed plaintiff's suit. From this judgment plaintiff appealed.
The court, noting that the Code of Civil Procedure grants the right of appeal on final judgments, refused to entertain the appeal, stating, "The phrase `final judgment' in Article 2083 has been interpreted to exclude judgments in tort cases where only liability and not quantum has been tried."
The court went on to add, ". . . we find that the courts of this state, with few exceptions, have refused to entertain appeals where all issues were not tried in the trial court", and ". . . we reaffirm the rule that cases are not to be tried piecemeal in the trial court and that appeals will not be entertained from judgments in such instances."
Here, the principles announced in Celestine, supra, are applicable. In Celestine, the court held that in a tort case, where liability only and not quantum have been litigated, there is not a "final judgment". In the present case, by analogy, where limits of liability only have been dealt with there is not a "final judgment". Allowing this appeal would constitute piecemeal litigation. The jurisprudence holds that before an appeal can be taken there must be a final judgment. One cannot appeal from a piecemeal judgment such as the declaratory judgment in this case.
Accordingly, the appellee's motion to dismiss the appeal of Aetna Insurance Company from the declaratory judgment rendered below is granted. The case is remanded to the trial court for further proceedings. All costs of this appeal are assessed against appellant.
APPEAL DISMISSED, CASE REMANDED.