ON MOTION TO DISMISS APPEAL
PER CURIAM.
An uninsured motorist carrier sought a declaratory judgment fixing uninsured motorist coverage at $25,000 rather than the $750,000 asserted by the insured. From an adverse judgment in the trial court the plaintiff insurance company appealed. Defendant insured seeks to dismiss the appeal on the ground that it is not from a “final” judgment, relying upon the rationale of Lantz v. Campbell, 376 So.2d 631 (La. App.3rd Cir. 1979).
Appellate review of judgments rendered in actions for declaratory relief is provided for in La. C.C.P. Art. 1877. It is clear, therefore, that for appeal purposes the judgment in question is a “final” one. In the Lantz case the motion for declaratory judgment was filed in connection with the tort action itself. The motion to dismiss was granted because of the court’s conclusion that “allowing this appeal would constitute piecemeal litigation.” In other reported cases raising this question, it appears that motions to dismiss appeals were granted hecause the trial judge had elected to try the issues of liability and quantum separately and the appeal was from a ruling on the question of liability only.[1]
This appeal is from a final judgment in a suit for declaratory relief which was not included within or consolidated with a tort action.[2] Allowing the appeal will not foster piecemeal litigation in the trial court. Therefore, the motion to dismiss the appeal is denied.

. La. C.C.P. Art. 466 now authorizes bifurcated trials in issues of liability and damages, and provides that a judgment rendered on the issue of liability only shall be final and appealable.

. Although the defendant-mover avers that he instituted a tort action subsequent to the filing of the suit for declaratory relief, we consider that immaterial to the disposition of this motion to dismiss the appeal.