DOUCET, Judge.
This case arises out of a sale of immovable property by the defendant, First Family Financial Services, to the plaintiffs, Clifton and Anita Galentine.
In early 1987, Mrs. Anita Galentine began looking for a home. She called First Family Financial Services to see if they had any houses for sale. Mike Hay of First Family Financial Services showed her the house which is at issue in this suit. The house was in bad condition and needed a lot of work. Mrs. Galentine testified at trial that Mr. Hay quoted a sale price of $9,500.00. The Galentines agreed to purchase the property.
On March 18,1987, the Galentines signed a document confected by First Family Financial Services in Georgia and entitled “Warranty Deed”. This document is essentially an Act of Sale. In order to finance the purchase, on March 19, 1987, the Galentines mortgaged the property to First Family Financial Services. The Galentines, as a condition of the mortgage, agreed to keep insurance on the property. In connection with this obligation they were sent by Mike Hay to the Herman Venable Insurance Agency to obtain insurance. According to Mrs. Galentine’s testimony, they received a receipt for the premium paid, but did not receive a copy of the policy.
In April 1987, the Galentines received a letter from Gulf Coast Investment Corporation indicating that they held an unassuma-ble first mortgage on the property. The letter stated that, as a result, they would not accept the insurance. The Galentines state that this is the first notice they re *1165 ceived that a first mortgage existed on the property.
The Galentines filed suit against First Family for breach of the warranty provision of the “Warranty Deed”. A trial on the merits was held on June 1, 1988. At the trial First Family alleged that they had notified the Galentines of the first mortgage. First Family further argued that the warranty of title provided was limited by the language of the “Warranty Deed”, to the claims of persons claiming title to the property by virtue of a relationship to First Family.
After hearing the evidence, the trial judge rendered judgment in favor of the plaintiffs, requiring the defendant to deliver clear title to the plaintiffs by paying the first mortgage. Defendant appeals.
Defendant contends that the trial judge erred in finding that the defendant failed to disclose the existence of the first mortgage. The trial judge made the following factual finding in his reasons for judgment:
... The testimony of Jackie Williams, together with the documents in evidence, support a finding that the Galentines did not knowingly assume the Gulf Coast mortgage. Ms. Williams specifically recalled Mr. Hay’s comment, when Galentine noted the home’s condition, saying “What do you expect for less than $10,000.00.” Further, neither the mortgage nor the warranty deed recite that they are subject to any encumbrance or prior mortgage. In light of the above, the Court finds that the plaintiffs did not know of, or agree to assume, the prior mortgage of Gulf Coast.”
This factual finding is entitled to great weight from the reviewing court. The Supreme Court in Rosell v. ESCO, 549 So.2d 840, 844-845 (La.1989), restated the standard of review to be applied to the trial court’s findings of fact as follows:
“When findings are based on determinations regarding the credibility of witnesses, the manifest error — clearly wrong standard demands great deference to the trier of fact’s findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Canter [v. Koehring], supra [283 So.2d 716] at 724 [ (La.1973) ]; Virgil v. American Guarantee & Liability Ins. Co., 507 So.2d 825, 826 (La.1987); Boulos v. Morrison, 503 So.2d 1, 3 (La.1987); Williams v. Keystone General Contractors, Inc., 488 So.2d 999, 1001 (La.1986); Johnson v. Insurance Co. of North America, 454 So.2d 1113, 1117 (La.1984); Berry v. Livingston Roofing Co., 403 So.2d 1247, 1249 (La.1981); Crump v. Hartford Accident & Indemnity Co., 367 So.2d 300, 301 (La.1979). Where documents or objective evidence so contradict the witness’s story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness’s story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. See, Wilson v. Jacobs, 438 So.2d 1119 (La.App.2d Cir.1982), writ denied, 443 So.2d 586 (La.1983). Cf. State v. Mussall, 523 So.2d 1305 (La.1988); Anderson v. City of Bessemer City, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); U.S. v. U.S. Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948). But where such factors are not present, and a factfinder’s finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. See, Jackson v. Tate, 428 So.2d 882, 884 (La.App. 1st Cir.1983), citing McDonald v. Book, 215 So.2d 394 (La.App. 3d Cir.1968), overuled on other grounds, Celestine v. Hub City Motors, Inc., 327 So.2d 700 (La.App. 3d Cir.1976). Cf. Anderson, supra, 470 U.S. at 575, 105 S.Ct. at 1512; Schexnider v. McDermott International Inc., 868 F.2d 717, 720 (5th Cir.1989); Employers Ins. of Wausau v. Suwannee River Spa Lines, Inc., 866 F.2d 752, 770 (5th Cir.1989); U.S. v. Hibernia National Bank, 841 F.2d 592, 595 (5th Cir.1988); Hanson v. Veterans Administration, 800 F.2d 1381, 1388 (5th Cir.1986).”
*1166 In this case the defendants attempted to contradict the plaintiffs testimony by the introduction of documents purporting to be assumptions of the first mortgage. After carefully examining these documents, we find absolutely nothing in these documents which would notify a person that they were assuming any obligation whatsoever. They cannot be interpreted as an assumption of the first mortgage. No other documentary evidence was introduced which would discredit the Galentines’ story. Therefore the trial judge’s decision to credit the Galentines’ claim is not clearly wrong.
Defendant argues that any warranty is limited by the clause of the contract which states that:
“AND THE SAID party of the first part, for its heirs, executors and administrators, will warrant and forever defend the right and title to the above described property, unto the said party of the second part, their heirs and assigns, against the claims of all persons owing, holding or claiming by, through or under the said party of the first part.”
Defendant-Appellant argues that this language was wrongly interpreted by the trial judge as a full warranty. It asserts that this language should be interpreted to limit its warranty to a warranty against the claims of persons claiming First Family as their ancestor in title.
Generally, where “the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.” La.C.C. art. 2046. However, La.C.C. art. 2057 states that:
“In case of doubt that cannot be otherwise resolved, a contract must be interpreted against the obligee and in favor of the obligor of a particular obligation. Yet, if the doubt arises from lack of a necessary explanation that one party should have given, or from negligence or fault of one party, the contract must be interpreted in a manner favorable to the other party whether obligee or obligor.”
In this case, the provision cited by the defendant-appellant as a limitation of warranty is ambiguous. We cannot find that it clearly limits the defendant’s liability to a warranty only against the claims of those claiming First Family as an ancestor in title. As a result, under La.C.C. art. 2057, that contract provision must be interpreted in favor of the Galentines. Therefore, the trial judge correctly interpreted the provision as a full warranty.
Defendant next alleges that by ordering First Family Financial Services to deliver clear title to the Galentines, the trial judge has created a lesionary sale in that the Galentines will have paid less than half of the value of the property. However, no evidence whatsoever of the value of the property at issue is to be found in the record of this matter. As a result we cannot conclude that the sale was void for lesion beyond moiety.
Finally, defendant-appellant asserts that the Galentines failed to carry their burden of proof. However, after a careful examination of the record we find that this is not the case. Plaintiffs have produced evidence sufficient to show that: 1) defendant did not notify them of the first mortgage; 2) defendant was obliged to deliver clear title to the property; 3) defendant failed to do so. As a result plaintiffs have carried their burden of proof.
Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant.
AFFIRMED.