ARMSTRONG, Judge.
Defendants Regional Transit Authority and Transit Management of Southeast Louisiana, Inc. appeal a trial court judgment in favor of plaintiff Wallace Feigler. The case involves a personal injury suffered by plaintiff on the St. Charles Streetcar when an open window suddenly fell down striking a blow to plaintiffs head and shoulder. The defendants raise two issues on appeal: (1) whether the trial court (this was a bench trial) was manifestly erroneous in finding that plaintiff was in fact struck by a falling window; (2) whether the amount of general damages awarded by the trial court, $25,-000.00, was excessive. Because we find no manifest error as to the first issue and no abuse of discretion as to the second issue, we affirm.
Plaintiff boarded the St. Charles Streetcar on the afternoon of July 24, 1989, after his father delivered him to the streetcar stop by car, to go to his grandmother’s house to deliver some groceries. He was sitting next to the window on the right-hand side of the streetcar so that the window, which was in the raised position, was to his right and above him. For some reason, and the reason is not relevant to the issues on appeal, the window suddenly descended although it stayed within the vertical guide tracks in which it was mounted, that is, it did not come out of the window frame. Plaintiff was sitting very close to the window, and, in fact, had his right arm resting on the sill or the bottom of the window frame so that his position might best be described as leaning slightly into the space of the open window. As the window descended, it struck a glancing blow to the right side of plaintiffs head and to his right shoulder. The preceding description of the accident is based upon plaintiffs testimony at trial, including photographs taken of him in the streetcar at a later time for use at trial. These photographs show him demonstrating the position in which he was sitting at the time the window came down and struck him.
There was no other eyewitness testimony supporting plaintiffs claim that he was struck by the falling window. However, there was some testimony of surrounding circumstances which tends to corroborate plaintiffs testimony. After reporting the accident to the streetcar operator, and completing his trip on the streetcar, plaintiff got off the streetcar and walked to his grandmother’s house. Once there, his grandmother called her neighbor, Ms. Roper, to assist her with plaintiffs injury. Ms. Roper testified that, on the afternoon of July 24, 1989, she went to the house of plaintiffs grandmother and saw a bruised swelling on the right side of plaintiffs head and that his right shoulder was bruised and his right arm was scraped. Ms. Roper and plaintiffs grandmother put ice on plaintiffs injuries. (Plaintiffs grandmother was deceased at the time of the trial and no deposition of her was offered.) The next morning, July 25, 1989, plaintiffs father drove plaintiff to the family doctor, Dr. Blasi-ni. Plaintiff’s father testified that, when he dropped plaintiff off at the streetcar stop on the afternoon of July 24, 1989, there was no bruise or swelling on plaintiffs head and that, on the morning of July 25,1989, he did see such an injury to the side of plaintiffs head. Dr. Blasini testified that she saw plaintiff on the morning of July 25, 1989 and observed a swelling and an abrasion on plaintiffs head and an abrasion on plaintiffs right shoulder. Dr. Blasini took a history from plaintiff and found that his injuries were consistent with the accident he described.
The principal testimony relied upon by the defendants in rebuttal to plaintiffs testimony as corroborated by the other testimony described above, is the deposition testimony of a Mr. Heaphy, a tourist from New York, who was another passenger on the streetcar in which plaintiff was injured. Mr. Heaphy testified that he was sitting directly behind plaintiff, two or three rows farther back, that he saw the window fall, and saw that it did not hit plaintiff’s head. At one point, Mr. Heaphy testified that the window did not strike plaintiff at all. Later, Mr. Heaphy said only that he could see that the falling window did not strike plaintiffs head but that he could not see whether or not it struck *387 plaintiffs arm.[1]
The trial court’s reasons for judgment address this conflict in testimony: “The deposition of Patrick Heaphy, contradicts [the] testimony of the plaintiff. The court resolves the factual dispute in favor of the plaintiff.” The defendants argue that Mr. Heaphy has no interest in this case, as opposed to the financial interest of plaintiff, and, therefore, the trial court was manifestly erroneous in accepting plaintiffs testimony and rejecting that of Mr. Heaphy. However, lack of evident bias does not render a witness’ testimony absolutely rehable. Honest testimony may contain errors in the original observation or in later recollection. Mr. Heaphy testified that he was not looking at plaintiff or the window in particular, and had no reason to do so, but was simply looking forward. Mr. Heaphy was not deposed until over two years after the accident. The fall of the window was a sudden, momentary and unanticipated event which allowed only a very brief opportunity for observation.
The defendants also point to the testimony of two Transit Management employees who were on the scene immediately after the accident and testified that they did not recall seeing an injury to plaintiff. However, neither testified that they had a positive recollection that they did not see an injury to plaintiff. The accident occurred about two years and eight months before the trial. Further, plaintiffs treating physicians testified that the swelling and bruising suffered by plaintiff would take some time to develop and might not be visible right after the accident. Lastly, the two employees of a defendant are, of course, interested witnesses.
The defendants also point to the testimony that the window made a loud noise when it fell. The defendants argue that, if the window first struck plaintiff it would not continue downward with sufficient force to make such a noise. This is sheer speculation on the part of the defendants. It is not unreasonable to suppose that, after the window struck a glancing blow to plaintiff, it continued downward with considerable speed and force. Moreover, particularly in light of plaintiffs testimony that the rubber gasket was missing from the window frame, it might not have required much force or speed in falling for the window to make a fairly loud noise.
The manifest error standard for reversal of the trial court’s resolution of a factual issue is not easily met.
It is well settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong,” and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Arceneaux v. Dominigue, 365 So.2d 1330, 1333 (La.1978); Canter v. Koehring, 283 So.2d 716, 724 (La.1973). See also, Sevier v. United States Fidelity & Guaranty Co., 497 So.2d 1380, 1383 (La.1986); West v. Bayou Vista Manor, Inc., 371 So.2d 1146, 1150 (La.1979); Davis v. Owen, 368 So.2d 1052, 1056 (La.1979); Cadiere v. West Gibson Produces Co., 364 So.2d 998, 999 (La.1978): A. Tate, “Manifest Error” Further observations on appellate review of facts in Louisiana civil cases, 22 La.Rev. 605, 611 (1962). The appellate review of fact is not completed by reading only so much of the record as will reveal a reasonable factual basis for the finding in the trial court, but if the trial court or jury findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Arceneaux, supra at 1333; Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985). In applying the manifestly erroneous — clearly wrong standard to the findings below, ap *388 pellate courts must constantly have in mind that their initial review function is not to decide factual issues de novo. See, F. Maraist, The Work of the Louisiana Appellate Courts for the 1978-1979 Term — A Faculty Symposium, Civil Procedure, 40 La.L.Rev. 761, 764 (1980); Comment, Appellate Review of Facts in Louisiana Civil Cases, 21 La.L.Rev. 402, 412 (1961); Cf. Anderson v. City of Bessemer City, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969).
When findings are based on determinations regarding the credibility of witnesses, the manifest error — clearly wrong standards demands great deference to the trier of fact’s findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Canter, supra at 724; Virgil v. American Guarantee & Liability Ins. Co., 507 So.2d 825, 826 (La.1987); Boulos v. Morrison, 503 So.2d 1, 3 (La.1987); Boulos v. Morrison, 503 So.2d 1, 3 (La. 1987); Williams v. Keystone General Contractors, Inc., 488 So.2d 999, 1001 (La. 1986); Johnson v. Insurance Co. of North America, 454 So.2d 1113, 1117 (La.1984); Berry v. Livingston Roofing Co., 403 So.2d 1247, 1249 (La.1981); Crump v. Hartford Accident & Indemnity Co., 367 So.2d 300, 301 (La.1979). Where documents or objective evidence so contradict the witnesses’s story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness’s story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. See, Wilson v. Jacobs, 438 So.2d 1119 (La.App.2d Cir.1982), writ denied, 443 So.2d 586 (La.1983). Cf. State v. Mussall, 523 So.2d 1305 (La.1988); Anderson v. City of Bessemer City, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); U.S. v. U.S. Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948). But where such factors are not present, and a factfinder’s finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. See, Jackson v. Tate, 428 So.2d 882, 884 (La.App. 1st Cir.1983), citing McDonald v. Book, 215 So.2d 394 (La.App.3d Cir.1968), overruled on other grounds, Celestine v. Hub City Motors, Inc., 327 So.2d 700 (La.App.3d Cir.1976). Ct. Anderson, supra, [470 U.S.] at 575, 105 S.Ct. at 1512; Schexnider v. McDermott International Inc., 868 F.2d 717, 720 (5th Cir.1989); Employers Ins. of Wausau v. Suwannee River Spa Lines, Inc., 866 F.2d 752, 770 (5th Cir.1989); U.S. v. Hibernia National Bank, 841 F.2d 592, 595 (5th Cir.1988); Hanson v. Veterans Administration, 800 F.2d 1381, 1388 (5th Cir.1986).
Rosell v. Esco, 549 So.2d 840 (La.1989) Accord Hausley v. Cerise, 579 So.2d 973 (La.1991); Sister v. Liberty Mutual Ins. Co., 558 So.2d 1106 (La.1990).
In the light of the standards enunciated by our Supreme Court, and the evidence discussed above, we have no difficulty in concluding that the trial court did not commit manifest error by finding that plaintiff was struck by the window.
With regard to general damages, both plaintiff and his physicians, Dr. Blasini and Dr. Rivera, testified as to plaintiffs injuries. Plaintiff suffered a swollen and bruised area, larger than egg-sized, on his head. His shoulder was bruised and scraped. The shoulder injury resulted in immobilization of his arm in a sling for •some months, and was treated with steroid injections, physical therapy and ultrasound. Plaintiff had pain in the shoulder, which was treated with pain relief medication and muscle relaxants, through the date of trial which was about two years and eight months after the date of the accident. The head injury resulted in some numbness due to nerve damage. Also, this same nerve damage resulted in severe headaches. Because the nerve damage is permanent, it is expected that the numbness and headaches will continue permanently. Although the medical records do not document the full direction of treatment, the treating physician testified that this was a result of record-keeping errors and/or lost records, and that *389 they had treated plaintiff from the date of the accident through the date of trial. The trial court awarded special damages, which are not challenged on appeal, of $3,760.00 in medical expense.
Our Supreme Court recently has restated the standard of appellate review of the quantum of awards of general damages.
In Reck v. Stevens, 373 So.2d 498 (La.1977), this Court commented on appellate review of general damage awards on the “much discretion” in fixing damages accorded to trial courts by La.Civ.Code art. 1934(3) (1870). The decision pointed out that the role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Each case is different, and the adequacy or inadequacy of the award should be determined by the facts or circumstances particular to the case under consideration.
In Reck, this court disapproved the appellate court’s simply reviewing the medical evidence and then concluding that the award for those injuries was excessive, without taking into consideration the particular effect on the particular plaintiff. This court further disapproved of the use of a scale of prior awards in cases with generically similar medical injuries to determine whether the particular trier of fact abused its discretion in the awards to the particular plaintiff under the facts and circumstances peculiar to the particular case. The initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the “much discretion” of the trier of fact. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Ballard v. National Indem. Co. of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964); Lomenick v. Schoeffler 250 La. 959, 200 So.2d 127 (1967). Only after such a determination of an abuse of discretion is a resort to prior awards appropriate and then for the purpose of determining the highest or lowest point which is reasonably within that discretion. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Biotun [Bitoun] v. Land [Landry] 302 So.2d 278 (La.1974); Spillers v. Montgomery Ward & Co., 294 So.2d 803 (La.1974).
The standard for appellate review of general damage awards is difficult to express and is necessarily non-specific, and the requirement of an articulated basis for disturbing such awards gives little guidance as to what articulation suffices to justify modification of generous or stingy awards. Nevertheless, the theme that emerges from Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963) through Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), and through Reck to the present case is that the discretion vested in the trier of fact is “great,” and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.
Youn v. Maritime Overseas Corp.; 623 So.2d 1257 (La.1993).
Based upon the standard of appellate review as expressed in Youn, we find no abuse of discretion in the quantum of general damages ($25,000.00) awarded by the trial court.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.

. Plaintiff testified that Mr. Heaphy was seated on the left side of the streetcar and not directly behind plaintiff.